912 P.2d 1331

**NORTHWEST FIRE DISTRICT, Plaintiff/Appellant,**

v.

**CITY OF TUCSON, Defendant/Appellee.**

**No. 2 CA–CV 95–0128.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 5, 1995.

Review Denied March 19, 1996.

Leonard Felker Altfeld & Battaile by Donna M. Aversa, Tucson, for plaintiff/appellant.

Thomas J. Berning, Tucson City Attorney by Tobin Rosen and Dennis P. McLaughlin, Tucson, for defendant/appellee.

*OPINION*

LIVERMORE, Presiding Judge.

Under A.R.S. § 9–471(A)(4), a municipality may annex territory only if it files a petition with the county recorder signed by "the owners of one-half or more in value of the real and personal property and more than one-half of the persons owning real and personal property" in the area to be annexed. In *Ferree v. City of Yuma*, 124 Ariz. 225, 603 P.2d 117 (App.1979), the court held that joint tenants own only their proportional undivided interest in joint tenancy property so that the signature of one such tenant only represents the tenant's proportionate share of the total value of the property for purposes of meeting the value requirements for annexation. The trial court in this case declined to apply that ruling to the requirement that owners of more than one-half the property must sign petitions for annexation. Had it done so, as we believe it should, the City of Tucson would have fallen short of the necessary signatures for annexation of the Silverbell/Ironwood Hills area. Seventeen joint tenancy parcels, with thirty-six joint tenants, were involved. Signatures were obtained from eighteen people. The city counted seventeen owners as signing; if only the proportionate, undivided interests of the signatories are counted, only 8.5 owners signed. We reverse.

The city first seeks to avoid *Ferree* by contending that it was wrongly decided. Because the signing of an annexation petition is not an encumbrance of property, *City of Phoenix v. State ex rel. Harless*, 60 Ariz. 369, 137 P.2d 783 (1943), the court, it is said, should not have focused on the nature of each tenant's property interest. We are far from clear that this should be so when the statutory inquiry is the value of the ownership interest. But even if the exact nature of the property interest ought not be controlling, we would arrive at the same conclusion by focusing on the political interest of each owner. There is nothing to suggest that joint tenants must share the same view on the wisdom of annexation simply because they share ownership in property or, as is generally the case here, because that joint ownership arises from their marriage. Were we to adopt the reasoning of the city, a joint tenant favoring annexation would be able to commit the full parcel in favor of annexation even if other joint tenants were opposed.

It is next argued, relying on *McCune v. City of Phoenix*, 83 Ariz. 98, 317 P.2d 537 (1957), that one spouse has authority to sign for the other. The case did not so hold. Instead, it held that when one spouse signed as agent for another, the presumption of regularity attaching to an enacted annexation ordinance put the burden on the party attacking the annexation to prove that the authority asserted by the signing spouse did not exist. The case is of no utility to the city. No spouse signing the petitions in this case purported to be signing on behalf of the other spouse. Agency not having been asserted, it need not be disproved.

Finally, it is said that the legislature expressly rejected *Ferree* as a method of calculating the number of owners needed to sign annexation petitions when it enacted in 1986 A.R.S. § 9–471(F)(3), which provides: "If an undivided parcel of property is owned by multiple owners, such owners shall be deemed as one owner for the purposes of this section." While the amendment surely prohibits reading *Ferree* to say that a jointly held parcel has two or more owners for purposes of the number of owners needed for annexation signatures, it does not address the issue in this case—can less than all the individuals jointly owning a parcel cast the parcel's vote for annexation or must each cast only his or her proportionate share of the vote. The legislature's view on that question cannot be derived from its clear view that jointly held parcels should not have greater voting power than individually held parcels.

Reversed.

FERNANDEZ and PELANDER, JJ., concur.