225 P.3d 599

**In re the MARRIAGE OF Carolyn INBODEN, Petitioner/Appellee,**

v.

**Lowell Junior Inboden, Respondent/Appellant.**

**No. 1 CA–CV 08–0180.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 25, 2010.

Torok Law Office PLLC by Gregory T. Torok, Yuma, Attorney for Petitioner/Appellee.

Boyte & Minore PC by Mary K. Boyte, Yuma, Attorney for Respondent/Appellant.

## OPINION

BROWN, Judge.

¶ 1 Lowell Inboden ("Husband") appeals from the family court's decree of dissolution. He argues that the court erred in ordering an unequal distribution of the marital home in favor of Carolyn Inboden ("Wife"). For the following reasons, we vacate the court's decree in part and remand for further proceedings.

## BACKGROUND

¶ 2 Husband and Wife married in July 2005. Shortly before the marriage, Wife used $90,000 of her separate funds to buy an undeveloped lot in Yuma and the couple took title to the lot as joint tenants. After they married, the parties built a house on the lot and executed another deed transferring the lot and house (collectively "the property") from themselves as separate persons to themselves as married persons as joint tenants with rights of survivorship. Acting as their own general contractor, the couple did the majority of the work on the house. They prepared plans for the house, framed it, and did the interior work. They used subcon-

tractors only for specialty jobs. In addition to their labor, each spouse contributed financially toward construction costs, with Wife paying $67,000 from her separate funds and Husband paying $46,500 of his separate funds. The couple also obtained a loan against the property to complete the construction, pay off some debts, and furnish the house. Ongoing expenses during the marriage were paid from their monthly retirement funds.[1]

¶ 3 The house was ready for occupancy in June 2006. Two months later, however, Husband moved out of the house and, apart from a three-week visit in December, he never returned. Wife petitioned for dissolution of the marriage in April 2007.

¶ 4 Following a trial regarding the division of the marital assets and liabilities, the family court concluded that the house was jointly held marital property subject to equitable division, citing *Toth v. Toth*, 190 Ariz. 218, 946 P.2d 900 (1997). The court found the value of the property was $310,000. After deducting the amount of the lien, the equity totaled $216,029. The court then determined the parties were entitled to reimbursement for their financial contributions from their separate property funds: $157,000 for Wife and $46,500 for Husband. The court further divided the remaining $12,529 equity in the house in proportion to each party's contribution of separate funds. The court awarded Wife possession of the house and ordered her to make an equalization payment to Husband. Husband timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2003).

## DISCUSSION

¶ 5 Husband contends that the family court erred as a matter of law and abused its discretion in dividing the house's equity based solely on the relative contributions of separate property. Wife counters that the court's allocation of the marital home is a "sound discretionary exercise" of the court's equitable jurisdiction.

¶ 6 The division of marital property upon dissolution is governed by A.R.S. § 25–318(A) (Supp.2009),[2] which provides that each spouse be assigned his or her separate property and all jointly held property be divided equitably. In most cases, dividing jointly held property substantially equally will be the most equitable unless there exists a sound reason to divide the property otherwise. *Toth*, 190 Ariz. at 221, 946 P.2d at 903 (citing *Hatch v. Hatch*, 113 Ariz. 130, 133, 547 P.2d 1044, 1047 (1976)).

¶ 7 The family court has broad discretion in determining what allocation of property and debt is equitable under the circumstances. *See Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13, 167 P.3d 705, 708 (App.2007). In considering the equities, courts might reach different conclusions without abusing their discretion. *Kay S. v. Mark S.*, 213 Ariz. 373, 383, ¶ 51, 142 P.3d 249, 259 (App.2006). Thus, we will not disturb a court's ruling absent a clear abuse of discretion. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5, 972 P.2d 676, 679 (App.1998).

### A. Marital Joint Tenancy Presumptions

¶ 8 As an initial matter, Husband contends that by placing the property in joint tenancy, both parties made a gift of their separate property interests to the community, resulting in each party holding an undivided one-half interest in the property. Based on this presumption, Husband argues that the family court erred by not recognizing and considering his equal interest in the property when making the division. Husband suggests that because he owned a one-half interest in the property, a less than one-half share in the division would be inequitable. We disagree with Husband's reasoning.

¶ 9 It is well established that when a spouse places separate property in joint tenancy with the other spouse a presumed gift occurs and the presumption can only be over-

---

1. Husband received approximately $2,200 in monthly retirement income, while Wife received $400.

2. We cite the current version of the applicable statutes if no revisions material to this decision have since occurred.

come by clear and convincing evidence. *Valladee v. Valladee,* 149 Ariz. 304, 307, 718 P.2d 206, 209 (App.1986). However, such gifts merely represent equitable rights in the jointly held property, they do not constitute irrevocable gifts of a one-half interest. *Toth,* 190 Ariz. at 221, 946 P.2d at 903.

¶ 10 Here, when Husband and Wife executed a deed after their marriage, transferring the property from themselves as single persons to themselves as married persons, a presumption arose that each spouse gifted his or her respective separate property interests to the other. Further, Wife does not argue, nor does anything in the record suggest, that an interspousal gift was not intended. But acknowledging the equal ownership interest in the property does not end the inquiry. All jointly held marital property, whether acquired by interspousal gift or otherwise, is subject to equitable division under A.R.S. § 25–318(A).

**B. Contributions of Separate Property**

■■■ ¶ 11 Although the family court has broad discretion in how to allocate assets and liabilities upon dissolution, absent an agreement to the contrary or the presence of other relevant factors, an unequal division of jointly held property may not be made solely to reimburse a spouse for separate funds used to buy jointly held property. *Toth,* 190 Ariz. at 222, 946 P.2d at 904 (citing *Whitmore v. Mitchell,* 152 Ariz. 425, 733 P.2d 310 (App. 1987)) (recognizing that a court may not order a substantially unequal division of jointly held property solely to reimburse one of the spouses for spending his or her separate funds to acquire the property); *Valladee,* 149 Ariz. 304, 718 P.2d 206 (finding that family

court abused its discretion in making a substantially unequal division of the jointly held property solely to reimburse husband for expending his separate funds to initially acquire the property).

¶ 12 In this case, the family court found that Wife was entitled to $157,000 "as and for reimbursement of her separate property contributed to the joint tenancy property" and Husband was entitled to $46,500 "as and for reimbursement of his separate property contributed to the joint tenancy property." [3] A reasonable reading of the court's order indicates that its property division was based *solely* on the relative contributions of separate property each spouse made toward the purchase of the jointly held property. Nothing in the court's order suggests that it relied on any other factors nor does the record provide a reasonable basis to conclude otherwise. Thus, we must conclude that the court abused its discretion when it ordered a substantially unequal distribution of the jointly titled marital property only for the purpose of reimbursing each spouse for their respective financial contributions to the purchase of the property.[4]

**C. Equitable Division of Jointly Held Property**

■■■ ¶ 13 Even if the family court's order was not made solely to reimburse Husband and Wife for their respective contributions of separate property, the court was nonetheless obligated to divide the property equitably. The touchstone of determining what is "equitable" is a "concept of fairness dependent upon the facts of particular cases." *Toth,* 190 Ariz. at 221, 946 P.2d at 903. Wife argues that a division of the property based

---

3. The family court cited *NW. Fire Dist. v. City of Tucson,* 185 Ariz. 102, 103, 912 P.2d 1331, 1332 (App.1995) for the proposition that joint tenants own a proportional undivided interest in joint tenancy property. The court then proceeded to reimburse the parties for their proportional contributions. As discussed *infra* at ¶ 18, when making an equitable division of jointly held property upon dissolution of a marriage, the family court's obligation is to consider all factors that bear on the equities of the division, not merely the contribution of each spouse to the jointly titled property.

4. Division of the property based on the relative contribution of the parties would have been proper under general principles of joint tenancy law if the parties had not re-deeded the property to each other as joint tenants after their marriage, thereby raising the marital gift presumption. *See Lonergan v. Strom,* 145 Ariz. 195, 198, 700 P.2d 893, 896 (App.1985) (cotenants each own an undivided proportional interest in the joint tenancy property); *Valladee,* 149 Ariz. at 304, 309, 718 P.2d at 206, 211 (each cotenant has a right to reimbursement from his cotenants for separate funds spent for the benefit of the common property).

on the parties' relative contributions provides the only fair result. Husband, on the other hand, contends that even under *Toth* the property should be divided substantially equally because this is not one of the "rare occasions" contemplated by *Toth* where equal is not equitable.

¶ 14 In general, upon dissolution of a marriage, an equitable division of jointly held property should be substantially equal absent facts to support a contrary result. *See Valladee*, 149 Ariz. at 309, 718 P.2d at 211. Under A.R.S. § 25-318(C), a court may consider excessive or abnormal expenditures and the destruction, concealment, or fraudulent disposition of property when making equitable divisions of property. But a court is not limited to considering these statutory factors; instead, any other factors that bear on the equities of a case may properly be considered. *Toth*, 190 Ariz. at 221–22, 946 P.2d at 903–04.

¶ 15 Our supreme court in *Toth* analyzed the meaning of "equitable" under A.R.S. § 25-318 and concluded that an equal division of jointly held property was not equitable in a two-week marriage when one spouse used separate funds to acquire the property, the non-purchasing spouse had "made no contribution-pecuniary or otherwise—to the purchase of the [property,]" and the extremely short union allowed "no time for a marital relationship to develop, or for other equities to come into play." *Id.* at 221, 946 P.2d at 903. We examined a somewhat similar situation in *Flower v. Flower*, 1 CA–CV 08–0234, 223 Ariz. 531, 225 P.3d 588, 2010 WL 679038 (Ariz.App. February 25, 2010). In *Flower*, the parties were married for just over one year. *Id.* at 533, ¶¶ 2–4, 225 P.3d at 590. Shortly after their wedding, the husband transferred title of his sole and separate property to both parties as community property with rights of survivorship. *Id.* at 533, ¶ 2, 225 P.3d at 590. A home equity loan was then taken against this property and the proceeds were used to improve a house that the wife held as her sole and separate property at all times. *Id.* at 533, ¶ 3, 225 P.3d at 590. Other debts were also incurred by the community to improve her separate property. *Id.*

¶ 16 The family court in *Flower* found that converting the husband's house to jointly-titled property after marriage constituted a gift to the community. Therefore, the house was subject to equitable division under A.R.S. § 25–318. *Id.* at 534, 535–36, ¶¶ 8, 16, 225 P.3d at 591, 592–93. In applying *Toth*, the family court concluded that an equitable division under the circumstances required divesting the wife of all interest in the jointly titled house. *Id.* at 534, ¶ 9, 225 P.3d at 591. The court also rejected the husband's request for an equitable lien on the wife's separate property and held the husband responsible for a significant portion of the debts the community incurred to improve wife's separate residence. *Id.* at 534, ¶ 10, 225 P.3d at 591. In supporting this result, the family court recognized that "to the extent Wife can assert she was due any greater sums for her share of the [property] pursuant to [A.R.S. § ] 25–318(A), such equitable claims are more than compensated by the improvements made to her sole and separate property, the denial of any equitable lien thereon[,] and the assignment of debt ... to Husband." *Id.* at 534, ¶ 9, 225 P.3d at 591 (internal quotations omitted). On appeal, we affirmed the family court's findings and noted that the wife made no "contributions to the purchase or improvement of the [property] nor [did] she allege she made pecuniary contributions to the community in other areas or that any effort, toil, or contributions from the community were comingled with the property to increase its value. To the contrary, the value of the [property] was reduced by the home equity loan used to improve [the wife's separate property]." *Id.* at 537, ¶ 23, 225 P.3d at 594. These facts weighed against making a substantially equal division of the property.

¶ 17 As we noted in *Flower*, a determination of what constitutes an equitable division of marital property may include consideration of contributions made by each spouse to the community, in whatever form. *Flower* at 537, ¶ 22, 225 P.3d at 594 (citing *Toth*, 190 Ariz. at 222, 946 P.2d at 904). This inquiry is based on the recognition that under community property principles, spouses work together to accumulate property. *Id.*

Thus, if a spouse contributes to the marital relationship as a whole or improves the value of the specific property in question, e.g., using either money or labor, then an unequal property division would not be justified so long as these contributions were not completely negligible. *Id.* at 537, ¶ 22, 225 P.3d at 594 (citation omitted).

¶ 18 In sum, when making an equitable division of community property upon dissolution of a marriage, the family court should consider all factors that bear on the equities of the division, including the length of the marriage; the contributions of each spouse to the community, financial or otherwise; the source of funds used to acquire the property to be divided; the allocation of debt; as well as any other factor that may affect the outcome. As noted above, the record in this case reflects that the family court reimbursed each spouse for their respective contributions, without considering these equitable factors. Thus, we remand to allow the family court to make an equitable distribution of the property under A.R.S. § 25–318(A), consistent with the principles explained in this decision. In doing so, the court may receive additional evidence to evaluate the equitable factors, including evidence relating to the current value of the property.

## CONCLUSION

¶ 19 For the foregoing reasons, we vacate the portion of the dissolution decree relating to the division of the property held in joint tenancy by the parties and remand for further proceedings.

CONCURRING: PHILIP HALL, Presiding Judge, and MAURICE PORTLEY, Judge.