NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

LORI KRENZEN, *Petitioner/Appellant*,

*v.*

ADAM J. KATZ, *Respondent/Appellee*.

No. 1 CA-CV 14-0037
FILED 2-12-2015

Appeal from the Superior Court in Maricopa County
FC 2012-091110
The Honorable Benjamin R. Norris, Judge (Retired)

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Rubin & Samuels, PLC, Phoenix
By Michael S. Samuels
*Counsel for Petitioner/Appellant*

Mandel Young, PLC, Phoenix
By Taylor C. Young, Robert A. Mandel
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Randall M. Howe joined.

---

**D O W N I E**, Judge:

¶1        Lori Krenzen ("Wife") appeals certain orders contained in a decree that dissolved her marriage to Adam Katz ("Husband"). With two exceptions, we affirm. We vacate orders relating to a Denali automobile and an IRA and remand for further proceedings regarding those two property matters.

**FACTS AND PROCEDURAL HISTORY**

¶2        The parties married in 2007. Wife filed for divorce in 2012. At a status conference on August 13, 2013, Husband requested a trial date. Wife asked for one full day for trial, but the superior court determined three hours would be sufficient and set trial for November 4, 2013.

¶3        On September 12, 2013, Wife filed a motion to extend the trial time to eight hours. The court denied her motion, and Wife thereafter sought special action review by this Court. While her special action petition was pending, Wife moved to continue the trial. Husband opposed the motion, and the trial court denied it.

¶4        Noting that the superior court has the authority to impose reasonable time limits on family court trials, this Court declined jurisdiction over Wife's special action petition. *See Krenzen v. Hon. Norris/Katz*, CA-SA 13-0274 (Ariz. App. October 23, 2013) (decision order). However, we stated:

> [T]here appear to be numerous fact-intensive issues to be resolved at trial, the full extent of which the superior court has not yet heard. Moreover, when setting the time for trial, the superior court did not have the benefit of the joint pre-trial statement, which is to be filed October 28, 2013, the same date exhibits are due. Similarly, the superior court does not yet know how the parties will use their allocated trial time. At the conclusion of the time currently scheduled for trial, it may be that the superior court will find additional

2

time necessary and appropriate and afford the parties more time for trial.

*Id.*

**¶5** In her subsequently-filed pretrial statement, Wife listed 16 witnesses and 210 exhibits. She again requested a continuance on November 1, but trial proceeded as scheduled on November 4. At the outset of trial, Wife renewed her request for a continuance and sought reconsideration of the length of trial. The court denied both requests.

**¶6** The court heard testimony from the parties and a pediatrician Wife called to testify;[1] it also admitted 26 exhibits into evidence. After taking the matter under advisement, the court issued a lengthy decree of dissolution. Wife filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-2101(A)(1) and -120.21(A)(1).

## DISCUSSION

### I. Trial Time

**¶7** Wife contends the superior court erred by refusing to grant her additional trial time. Specifically, she claims the imposed time limits prevented her from "presenting significant relevant evidence regarding Husband's business and finances." She also argues there was inadequate time to offer evidence "regarding assets which she asserted were separate, including IRA contributions, gifts for a real property down payment and her Denali."

**¶8** We review trial time allocations for an abuse of discretion. *See Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 90-91, ¶¶ 29-30, 977 P.2d 807, 812-13 (App. 1998). In reviewing for an abuse of discretion, "[t]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason. We cannot substitute our discretion for that of the trial judge." *Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985). In addition to establishing an abuse of discretion, Wife must

---

[1] The parties reached pretrial agreements regarding most custody and parenting time issues.

demonstrate she "incurred some harm as a result of the court's time limitations." *Brown*, 194 Ariz. at 91, ¶ 30, 977 P.2d at 813.

**¶9** The superior court may impose reasonable time limits in family court matters and may limit trials to the allotted time. *See* Ariz. R. Fam. Law P. 22(1), 77(B)(1). This rule-based authority is consistent with the well-established tenet that trial courts have broad discretion over the management of their dockets. *See Findlay v. Lewis*, 172 Ariz. 343, 346, 837 P.2d 145, 148 (1992). In addition, our rules of evidence direct courts to "exercise reasonable control" over the presentation of evidence to, *inter alia*, "avoid wasting time." Ariz. R. Evid. 611(a). But while time limits may be imposed to "avoid undue delay, waste of time or needless presentation of cumulative evidence," they must be "reasonable under the circumstances," and "rigid limits are disfavored." *See Brown*, 194 Ariz. at 91, ¶ 29, 977 P.2d at 813. Pretrial allocations "should be sufficiently flexible to allow [for] adjustment during trial." *Id*. at 91, ¶ 29, 977 P.2d at 813; *see also Volk v. Brame*, 235 Ariz. 462, 469, ¶ 22, 333 P.3d 789, 796 (App. 2014) (trial court should "remain sufficiently flexible in its allotment of time to preserve due process").

**¶10** The same judge handled all substantive matters in this case. At the August 13 status conference, he demonstrated a comprehensive understanding of the issues remaining for trial, enumerating them at the outset and obtaining counsel's agreement. The court also elicited the parties' positions about the length of trial. Husband's counsel agreed the trial could be completed in three hours. Wife's attorney requested a full day, noting, among other things, that Husband's business interests still "need to be sorted out."

**¶11** The court did not abuse its discretion by refusing to grant Wife additional trial time to present evidence regarding Husband's businesses and finances or about his allegedly unreasonable behavior for purposes of a fee award. Wife knew of the business-related issues well before trial,[2] and the court urged her to retain an expert, stating:

---

[2] Without contradiction, Husband's attorney stated at the August 13 hearing that Wife's previous counsel had avowed months earlier that Wife would "have an expert look at the[] businesses." Wife, however, had since retained new counsel, who advised she was "new on the case." At trial, Husband testified he offered "several times" to have personal meetings with Wife or her counsel to discuss the businesses.

If you give me a pile of paper about four businesses, and say, "Here, Judge, go figure out what they're worth and how to divide them up," that's not going to go well.

. . . .

[W]hat I do not want is a long trial with a pile of paper and no guidance as to what it all means.

And if I just give you more time so you can dump more paper and more testimony on me, that's not going to make the water clearer.

¶12      Wife did not heed the court's admonition and instead spent much of her allotted trial time offering disjointed testimony regarding accounts about which she had no personal knowledge. The court was entitled to consider whether Wife's inability to present additional evidence stemmed, in part, from her own trial-time management decisions.[3] *See Gamboa v. Metzler*, 223 Ariz. 399, 402, ¶¶ 13-16, 224 P.3d 215, 218 (App. 2010); *Volk*, 235 Ariz. at 469, ¶ 22, 333 P.3d at 796 (in applying time limitations, court need not "indulge inefficient use of time by parties or their counsel").

¶13      Moreover, Wife has not established the requisite prejudice. A party may demonstrate prejudice by making an offer of proof in the trial court, describing "with reasonable specificity what the evidence" would have shown had the party been able to present it. *Gamboa*, 223 Ariz. at 402-03, ¶¶ 17-18, 224 P.3d at 218-19. "Offers of proof serve the dual function of enabling the trial court to appreciate the context and consequences of an evidentiary ruling and enabling the appellate court to determine whether any error was harmful." *Molloy v. Molloy,* 158 Ariz. 64, 68, 761 P.2d 138, 142 (App. 1988).

¶14      Wife made no offer of proof, either at trial or in post-trial motions, and the superior court found that none of her proposed witnesses "are going to enlighten me as to all these bank account documents and what they mean." At oral argument before this Court,

---

[3]     Husband testified about the business structures and finances in a logical, understandable way, yet remained within his allotted trial time. In fact, even though Wife had run out of time, the court gave her additional time to cross-examine Husband, noting Wife had received "more than half the time."

counsel suggested Wife ran out of time to make an offer of proof. However, the record reveals no attempt to make an oral offer of proof. Nor did Wife come to trial with a written offer of proof, despite knowing of the trial time allocations.

**¶15** At the conclusion of trial, consistent with its duty to re-assess the reasonableness of its pretrial time allocations, *see Brown*, 194 Ariz. at 91, ¶ 29, 977 P.2d at 813, the court stated: "[I]f I gave you three weeks it would make it more difficult for me to figure things out, not less." The decree also revisits the issue, stating:

> **THE COURT FURTHER ORDERS** reaffirming its prior orders that Mother shall not be allowed more time to gather or present further evidence. This matter was pending for over a year before trial, so both parties had ample opportunity to conduct their discovery well in advance of trial. As the Court noted at trial, Mother did not retain a forensic accountant to investigate and report on the community's business affairs, nor did she seek pre-trial to have any community-owned interest in any such business valued by a third-party expert; instead, Mother entered into evidence only various records and her own speculative assumptions that this or that transaction must have been Father attempting to hide community funds.

**¶16** Wife also failed to make an offer of proof as to how additional witnesses would have testified about Husband's allegedly unreasonable conduct for purposes of a fee award or to establish that these witnesses' testimony had been properly disclosed. Moreover, none of the witnesses Wife complains about were present for trial.

**¶17** We do conclude, though, that the trial time allocations prevented Wife from meaningfully litigating two issues that would have required little additional time: (1) the extent to which a Denali vehicle was community property; and (2) whether Wife's IRA was her sole and separate property, in whole or in part. *See Volk*, 235 Ariz. at 468, ¶ 21, 333 P.3d at 795 ("If, during the progress of a scheduled hearing, it becomes apparent that the court lacks sufficient time to receive adequate testimony, then the court must allow reasonable additional time or continue the hearing to permit it to perform its essential tasks.").

**¶18** Wife contends the court erred by giving Husband a $14,000 offset as his share of the community interest in the Denali. Wife testified

her father and stepmother paid off the vehicle's loan balance of $23,000 in October 2011. Although she did not specifically use the word "gift," Wife testified they "paid it off for me." Wife's position is that this amount is her sole and separate property. Husband, however, testified the payoff was a gift to the community. He explained that whenever the parties "needed more household income," Wife would ask her parents for money, which he considered contributions to the community.

¶19 Because the $23,000 loan balance was paid during the marriage, there is a presumption of community property, which Wife must overcome by clear and convincing evidence. *See Cockrill v. Cockrill*, 124 Ariz. 50, 52, 601 P.2d 1334, 1336 (1979). Wife had previously disclosed that her father, Robert Bell, would "testify that he and step-mother, Lucia Bell, paid off Mother's Denali and that it was a gift to Mother." Wife estimated Bell's trial testimony would take ten minutes. Faced with a clear and convincing standard of proof, Wife was entitled to present this previously disclosed, brief witness in an attempt to carry her burden of proving that the $23,000 was her separate property. We therefore vacate the superior court's orders relating to the Denali and remand for further proceedings regarding the proper distribution of that asset.

¶20 We reach a similar conclusion regarding Wife's IRA. The superior court ordered her IRA and Husband's 401(k) divided by QDRO such that "all funds contributed during the marriage (and all proceeds of such funds) are divided 50/50." Wife contends this was legally erroneous because contributions to her IRA during the marriage were gifts from her parents.

¶21 Husband took the position that Wife's IRA was community property. Wife's attorney advised the court that, because her allotted time had expired, she could not present testimony regarding this issue.[4] It is unclear whether Wife's mother, father, or both would be called to testify regarding this matter. In any event, Wife had estimated only ten minutes for each of her parents. Because the trial time limits prevented Wife from fairly litigating this properly preserved issue, we vacate the superior court's orders regarding Wife's IRA and remand for further proceedings to determine whether any portion of that account is Wife's sole and separate property.

---

[4] It is apparent from the context that the transcript erroneously states husband's counsel was the one asking for additional time to present testimony regarding the IRA.

## II.   Continuance Requests

¶22        Wife next argues the court erred by denying her continuance requests. She contends Husband made late disclosures, necessitating additional discovery that could not be completed before trial. We review the denial of a continuance request for an abuse of discretion. *Nordale v. Fisher*, 93 Ariz. 342, 345, 380 P.2d 1003, 1005 (1963).

¶23        When a family court trial has been set, no continuance "shall be granted except upon written motion setting forth sufficient grounds and good cause." Ariz. R. Fam. L. P. 77(C)(1). The November 4 trial date was set on August 13. At that time, the court also set a disclosure deadline of October 21. Wife does not contend Husband's disclosures occurred after the court-ordered deadline.

¶24        Wife's reliance on Rule 49(E)(2) is unavailing. That rule requires continuing disclosure of "monthly or periodic bank, checking, savings, brokerage and security account statements . . . *in which any party has or had an interest.*" Ariz. R. Fam. L. P. 49(E)(2) (emphasis added). The only evidence of record is that Husband was merely a signatory on the accounts at issue and that neither he nor the community had any interest in them. Moreover, Husband made his disclosures on October 2, 2013, in response to interrogatories sent by Wife on September 13, 2013. This occurred well before the court-ordered deadline. We find no abuse of discretion in denying Wife's continuance requests.

## III.   Attorneys' Fees

¶25        Wife contends the superior court should have granted her request for attorneys' fees under A.R.S. § 25-324. We review rulings regarding fee requests for an abuse of discretion. *In re Marriage of Robinson & Thiel*, 201 Ariz. 328, 335, ¶ 20, 35 P.3d 89, 96 (App. 2001). Section 25-324(A) states that, after "considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings," the court "may" order a party to pay a reasonable sum to the opposing party for attorneys' fees.

¶26        The superior court considered the appropriate statutory factors. It found Husband has superior financial resources, but noted Wife "is receiving considerable assets in this divorce and has other financial resources as well." In assessing the reasonableness of the parties' positions, the court stated:

[W]hile both parties were unreasonable in some respects (Father's failure to disclose all credit card debt until his final AFI, Mother's unsupported allegations of Father's drug abuse and refusal to cooperate in selling and/or leasing the community property), Mother's conduct was in balance more unreasonable than Father's conduct.

Based on its evaluation of the statutory factors, the court denied both parties' fee requests.

¶27        We find no abuse of discretion.   The superior court obviously believed Husband's testimony that Wife unreasonably refused to cooperate with selling or leasing community real property and contacted "existing customers, employees, creditors, [and] equity partners of the business" to tell them Husband "was a drug addict" and was "hiding assets."  *See Mangan v. Mangan*, 227 Ariz. 346, 352-53, ¶¶ 26-28, 258 P.3d 164, 170-71 (App. 2011) (affirming fee award to husband notwithstanding his superior financial resources based on wife's unreasonable positions).

## IV.    Property Division

¶28        In addition to the IRA and Denali, discussed *supra*, Wife argues the court failed to award her sole and separate property or to properly allocate community property.  Section 25-318 requires the court to "assign each spouse's sole and separate property to [each] spouse" and to "divide the community, joint tenancy and other property held in common equitably."  A.R.S. § 25-318(A).  The characterization of property as separate or community is a question of law that we review *de novo*.  *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15, 5 P.3d 911, 915 (App. 2000).  We review the apportionment of community property for an abuse of discretion.  *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5, 972 P.2d 676, 679 (App. 1998).

### A.    Real Property

¶29        Wife claims the court should not have equally divided the equity in a community-owned home on 82nd Street because her parents "provided a gift of $65,000 towards the purchase."  She did not assert the gift was solely to her, but argued it would be "inequitable" to "equally divide the $65,000."

¶30        The superior court has broad discretion in dividing community assets.  *See In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14, 225

P.3d 588, 592 (App. 2010). In considering the equitable division of property, two courts might independently reach different conclusions based on the same circumstances without either abusing its discretion; we will not disturb the court's ruling absent a clear abuse of discretion. *In re Marriage of Inboden*, 223 Ariz. 542, 544, ¶ 7, 225 P.3d 599, 601 (App. 2010). Although an equitable division of community property generally means a substantially equal division, the court may order an unequal division of the property "if sound reason exists." *See Toth v. Toth*, 190 Ariz. 218, 221, 946 P.2d 900, 903 (1997).

**¶31** A reasonable trier of fact could conclude that Wife failed to establish a "sound reason," *see id*., for something other than an equal distribution of the real property equity. We find no abuse of discretion.

### B. Community Funds

**¶32** Wife alleges the court should have awarded her a share of an account held in the name of Morningwood Homes, an LLC related to Husband's businesses. Wife testified she believed Husband was transferring funds from the Morningwood Homes account into a Citibank account Husband controlled. Husband, however, testified F4 Designs, a business in which the community had an interest, set up "sub-entities," such as Morningwood Homes, to hold capital from investors and to limit liability. He testified the Morningwood Homes account never held community assets, denied having a Citibank account, and stated none of the "sub-LLCs" ever held community funds.

**¶33** Aside from her own speculative testimony, Wife offered no evidence the Morningwood Homes account contained community assets. It was within the superior court's discretion to find Husband's testimony credible and to conclude the account held no community funds.

### CONCLUSION

**¶34** With the exception of orders relating to the Denali automobile and Wife's IRA, we affirm the decree of dissolution issued by the superior court. We vacate orders relating to the Denali and IRA and remand those property matters for further appropriate proceedings.

**¶35** Because each party has partially prevailed on appeal, we make no award of taxable costs. On remand, the superior court may consider whether a fee award to either party is appropriate for the proceedings occurring on remand. We also deny the parties' respective requests for attorneys' fees on appeal without prejudice. On remand the

court may also, if appropriate, award a reasonable sum for attorneys' fees incurred in this appeal.  Both parties have acted reasonably on appeal, but we lack sufficient information to assess the disparity in financial resources, if any.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama