NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JOE GLENN TUMLINSON, *Respondent/Appellant*,

*v.*

JODI LYNN TUMLINSON, *Petitioner/Appellee*.

No. 1 CA-CV 14-0374 FC

FILED 5-12-2015

Appeal from the Superior Court in Maricopa County
No. FN2012-092479
The Honorable John R. Hannah, Judge

**AFFIRMED**

COUNSEL

Joe Glenn Tumlinson, Surprise
*Respondent/Appellant*

Jodi Lynn Tumlinson, Phoenix
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Peter B. Swann joined.

---

**C A T T A N I**, Judge:

¶1             Joe Glenn Tumlinson ("Husband") appeals from the property division and spousal maintenance provisions of the decree dissolving his marriage to Jodi Lynn Tumlinson ("Wife").  For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2             Husband and Wife were married in May 2009.  During the marriage, they financed the purchase of a house costing $93,000.  They also acquired two cars and an RV, although the RV was sold after Wife filed for dissolution.  At the time of dissolution, the mortgage debt on the house (where Wife resided) was approximately $88,000.

¶3             Husband worked as a mechanic throughout the marriage and the dissolution proceedings, earning approximately $1,200 to $1,400 each month.  Wife entered the marriage with a $25,000 fund that she used to finance her business of buying and selling property, but that fund was exhausted during the marriage.  At the time of the dissolution trial, Wife earned $200 monthly as a housekeeper; she was unable to find additional employment because of a disability. Wife received Social Security disability payments of approximately $600 monthly, and she supplemented her income with rent payments from a roommate to help cover the cost of the mortgage.

¶4             Wife petitioned for dissolution in June 2012.  In August 2012, the parties signed a document stating that they would attempt reconciliation and would jointly file for bankruptcy.  The agreement further provided that Wife would keep the house, Husband would keep the RV, and Wife would not request spousal maintenance should reconciliation fail.  By the time of a resolution management conference in December 2012, however, the parties were again disputing spousal maintenance and division of the marital home.

¶5　　　　At a temporary orders hearing in February 2013, the superior court found that the parties' August agreement was no longer practicable. At that time, the court divided the community share of Husband's remaining pre-petition income (two paychecks and one annual profit sharing payment) and found that Husband owed Wife for two months' mortgage payments, but offset that amount by Husband's half of the community share of proceeds from the sale of the RV. To effectuate this preliminary property division under which Husband owed Wife approximately $3,600, the court ordered Husband to pay Wife $300 per month, nominally characterized as spousal maintenance.

¶6　　　　After an evidentiary hearing in March 2014, the superior court entered a dissolution decree. The court awarded each party his or her vehicle and all personal property in his or her possession. With the agreement of the parties, the court granted Wife the marital residence, as well as the mortgage debt. The court found that the February 2013 temporary orders had effectuated a fair and equitable equalization of property, and that Husband had paid the full $3,600 owed to Wife since that hearing.

¶7　　　　The superior court also granted Wife spousal maintenance after finding that her disability rendered her unable to be self-sufficient through appropriate employment. *See* Ariz. Rev. Stat. ("A.R.S.") § 25-319(A)(2).[1] The court also found that, although Wife received the house in the property division—and thus the income from the roommate's rent payments—she nevertheless would be unable to meet her needs. *See* A.R.S. § 25-319(A)(1). The court considered the relatively short duration of the marriage, Wife's limited earning ability, Husband's comparatively greater earning ability, and the loss of Wife's $25,000 working capital that she had used to help support herself before the marriage. *See* A.R.S. § 25-319(B)(2), (3), (5), (6), (9). On that basis, the court granted Wife spousal maintenance in the amount of $300 per month for 42 months.

¶8　　　　Husband timely appealed from the dissolution decree.[2] We

---

[1]　　　　Absent material revisions after the relevant date, we cite to the current version of statutes and rules.

[2]　　　　Before filing his notice of appeal, Husband filed a motion in superior court seeking to alter or amend the judgment. The superior court denied that motion in an unsigned minute entry. This court stayed the appeal and revested jurisdiction in the superior court to enter a signed, appealable

have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

**¶9**         Husband's primary argument on appeal is that the superior court erred by awarding Wife spousal maintenance in contravention of the parties' August 2012 agreement.  We review an award of spousal maintenance for an abuse of discretion. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14, 972 P.2d 676, 681 (App. 1998).  We consider whether record evidence supports the court's conclusion that the recipient qualified for maintenance under A.R.S. § 25-319(A), and whether reasonable evidence supports the amount of the award in light of the relevant factors set forth in § 25-319(B).  *Boyle v. Boyle*, 231 Ariz. 63, 66, ¶¶ 11, 13, 290 P.3d 456, 459 (App. 2012).

**¶10**         Under A.R.S. § 25-317, the parties to a dissolution proceeding may enter a written agreement determining, among other terms, property division and spousal maintenance.  Although the separation agreement may bind the parties, the superior court retains discretion to reject the agreement if it is unfair or inequitable.  A.R.S. § 25-317(B); *Breitbart-Napp v. Napp*, 216 Ariz. 74, 79, ¶ 14, 163 P.3d 1024, 1029 (App. 2007).

**¶11**         To the extent the August 2012 agreement can be construed as a separation agreement within the meaning of § 25-317, Husband arguably waived any argument to that effect by failing to raise it at the dissolution trial. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994). Although Husband brought up the agreement at the temporary orders hearing in early 2013, he did not assert that the agreement remained effective at the dissolution trial over a year later, in the wake of the parties' discharge in bankruptcy.

**¶12**         Furthermore, the August 2012 agreement was more clearly directed to an impending bankruptcy than to the dissolution.  The agreement addressed only two assets and failed to delineate the parties' individual or joint debts.  It did not reflect an equitable balancing of the parties' property, and it purported to waive spousal maintenance without consideration of the parties' respective ability to be self-sufficient.  Thus, the superior court properly addressed those issues notwithstanding arguably relevant provisions in the 2012 agreement.

---

order; the superior court did so, and this court thereafter reinstated the appeal. *See* ARCAP 9(e)(1)(C), (2).

¶13 Husband has not shown that the superior court erred by determining that spousal maintenance was necessary. The court found that Wife was unable to be self-sufficient through appropriate employment, and thereby implicitly found that the 2012 agreement (which did not provide for maintenance) would be unfair. *See* A.R.S. § 25-317(B) (stating that the court is not bound by the parties' separation agreement if it finds the agreement is unfair). Although Husband argues that Wife is capable of finding additional employment, the evidence at trial supports the court's conclusion that, despite Wife's efforts to secure employment, her disability prevents her from earning enough money to meet her needs. *See Boyle*, 231 Ariz. at 66, ¶ 11, 290 P.3d at 459.

¶14 Husband also argues that the division of property was unfair. Under A.R.S. § 25-318(A), the superior court is directed to divide commonly held property equitably. We review the court's equitable allocation of property for an abuse of discretion. *Inboden v. Inboden*, 223 Ariz. 542, 544, ¶ 7, 225 P.3d 599, 601 (App. 2010).

¶15 Contrary to Husband's assertion that "[Wife] got everything," the decree reflects that Husband was awarded his car as well as his personal property. The court also divided the community interest in the proceeds from the sale of the RV and awarded Husband half the value at the temporary orders hearing. Although Wife was awarded the marital home, there was very little equity in the home, and Wife alone is responsible for the substantial mortgage debt. Despite Husband's argument that the home was worth more than the remaining mortgage debt, he did not offer an appraisal or other evidence to support his assertion. Under the circumstances, Husband has not shown that the court abused its discretion in equitably dividing community property. *See Inboden*, 223 Ariz. at 544, ¶ 7, 225 P.3d at 601.

## CONCLUSION

¶16 The judgment is affirmed.

