NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

DANA CAROL MURRAY, *Petitioner/Appellant*,

*v.*

DANIEL RICHARD MURRAY, *Respondent/Appellee*.

No. 1 CA-CV 23-0342 FC
FILED 02-22-2024

Appeal from the Superior Court in Maricopa County
No. FN2022-002968
The Honorable Glenn A. Allen, Judge

**VACATED AND REMANDED**

COUNSEL

Gillespie Shields & Taylor, Phoenix
By DeeAn Gillespie Strub, Mark A. Shields
*Counsel for Petitioner/Appellant*

Cordell Law, LLP, Peoria
By Christopher R. Kennedy
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

**¶1**　　　　Dana Murray ("Wife") appeals the superior court's dissolution decree ending her marriage to Daniel Murray ("Husband"). She claims the court's unequal division of the marital home was not equitable. We agree and thus vacate and remand.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Husband and Wife married in February 2014. About a year later, they bought a house for $215,000. The couple purchased the house solely with Husband's separate property, but titled it as community property with a right of survivorship. They spent $73,000 of Husband's separate property to improve the property throughout the marriage. At the time of trial, the house was valued at $420,000.

**¶3**　　　　Wife filed for divorce in July 2022 after eight years of marriage. The superior court held a trial in March 2023 and entered a dissolution decree two months later. As relevant to this appeal, the decree divided the community property unequally. It awarded the house—the only significant community asset—to Husband and ordered him to pay Wife an equalization payment of $66,000. As to the house, therefore, the decree awarded Husband $354,000 of its value against Wife's $66,000.

**¶4**　　　　Wife timely appealed. We have jurisdiction. A.R.S. § 12-2101(A).

## DISCUSSION

**¶5**　　　　Wife argues the superior court abused its discretion by dividing the community property solely based on reimbursement. We agree.

**¶6**　　　　We review the division of community property for an abuse of discretion. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007). An abuse of discretion occurs when there is no competent evidence to

support the court's decision, *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999), or when the court makes an error of law in reaching a discretionary decision, *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012).

**¶7**     Arizona law directs that community property be equitably divided. A.R.S. § 25-318(A). An equitable division of community property should be substantially equal absent "sound reason" to do otherwise. *Toth v. Toth*, 190 Ariz. 218, 221 (1997).

**¶8**     When determining whether "sound reason" exists to divide community property unequally, courts consider statutory factors under A.R.S. § 25-318(B–C), alongside "all factors that bear on the equities of the division, including the length of the marriage; the contributions of each spouse to the community, financial or otherwise; the source of funds used to acquire the property to be divided; the allocation of debt; as well as any other factor that may affect the outcome." *In re Marriage of Inboden*, 223 Ariz. 542, 547, ¶ 18 (App. 2010).

**¶9**     Against that backdrop, Arizona courts have upheld unequal distributions when the marriage in question lasted two weeks, *Toth*, 190 Ariz. at 221, and when one spouse drained the community to benefit her separate property, *In re Marriage of Flower*, 223 Ariz. 531, 538, ¶¶ 28–29 (App. 2010). Courts cannot, however, unequally divide community property solely to reimburse a spouse for his respective contribution. *Inboden*, 223 Ariz. at 547, ¶ 18; *see also Toth*, 190 Ariz. at 222.

**¶10**     That happened here. The superior court reimbursed or "back[ed] out" Husband's sole and separate contribution to the marital community, and then divide what remained between the spouses:

> To make an equitable distribution of the home's value, the purchase price and improvements paid for by Husband's sole and separate property must be taken into account and backed out of the value, leaving the equity of the home at $132,000.00. Therefore, Wife's share of the home is $66,000.00.

**¶11**     The court did not consider all the equitable factors. The parties were married for eight years. They lived in the family home for seven of them. Wife did not contribute financially to the community, but she contributed with her labor by cooking and cleaning throughout the marriage. The court considered none of this and that was error. *See Toth*, 190 Ariz. at 222 ("In both cases, as is likely in any real marriage of any significant duration, other equities made a division based solely on reimbursement clearly inappropriate.").

**CONCLUSION**

¶12    We vacate the superior court's order and remand for further proceedings consistent with this decision.    After considering the reasonableness of the parties' positions and their financial resources, we exercise our discretion to award Wife her attorney fees and costs on appeal upon compliance with ARCAP 21.  *See* A.R.S. §§ 25-324(A); 12-342(A).



AMY M. WOOD • Clerk of the Court
FILED:    TM