NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

RICHARD K. SWENSON, *Petitioner/Appellant*,

*v.*

NICKIE D. SWENSON, *Respondent/Appellee*.

No. 1 CA-CV 25-0493 FC
FILED 03-04-2026

Appeal from the Superior Court in Mohave County
No. S8015DO202201155
The Honorable Richard D. Lambert, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Rideout Law PLLC, Scottsdale
By Steven Dorr Eckhardt
*Counsel for Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Anni Hill Foster joined.

---

**H O W E**, Judge:

¶1        Richard Swenson ("Husband") appeals the superior court's decree dissolving his marriage to Nickie Swenson ("Wife"). We remand for the superior court's additional consideration of certain issues.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Husband and Wife married in 1989. During the marriage, they co-owned a plumbing business and other assets, including several vehicles. Husband petitioned for dissolution in 2022. The parties reached a first partial agreement regarding the division of their community real property under Arizona Rule of Family Law Procedure ("Rule") 69. The parties then reached a second Rule 69 agreement awarding the "2019 Fuzion Fifth Wheel" to Husband. The court ultimately dissolved the marriage, incorporating both Rule 69 agreements into the decree. But in the portion of the decree dividing the parties' assets, the court awarded the Fuzion to Wife.

¶3        Both parties presented business valuations for the community plumbing business. Wife's business valuation included the business's purchase of a GMC Sierra Denali in 2022. However, in her closing argument, Wife claimed that the GMC was the marital community's property, not the business's. Husband testified that he purchased the GMC in 2022 for the company with a business loan. But his exhibit included the GMC under "personal" not "work" assets.

¶4        The court ultimately found that the evidence supported Wife's business valuation and valued the company as Wife's expert suggested. The court then divided the business, awarding Husband the business "free of all right, title, claim or interest of wife" but awarding Wife a $112,500 offset. Although the court made no finding about whether the GMC was a business asset, it awarded the vehicle to Wife. The award of the GMC was not included in the section of the decree addressing the business.

¶5            Also in the decree, the court addressed the shareholder distributions and business income from the community plumbing business. The court found that "after Husband filed for divorce . . . the payments to Wife became sporadic for a few months and eventually she was cut off from these shareholder distributions while he continued to receive them himself." The court found that, between 2022 and 2024, Husband received $121,280.13 in shareholder distributions from the business that Wife did not receive. And Husband "used business funds to pay for personal expenses" totaling $16,302.11. The total difference between the shareholder distributions awarded to Husband in contrast to Wife's award plus the business income Husband used for personal purposes was $137,582.24. Although the court acknowledged Husband's testimony "that he replaced whatever shareholder distributions he took out of the business," it ultimately found that "this testimony was not corroborated or supported by any evidence with specificity." The court ordered Husband to pay Wife the entire $137,582.24 amount as "equalization."

¶6            The court certified the decree as final under Rule 78(b), retaining jurisdiction over the sale of real property in furtherance of the decree. Husband appealed and we have jurisdiction. A.R.S. § 12-2101(A)(1); *see also Matter of Hernandez v. Athey*, 256 Ariz. 530, 533 ¶ 7 (App. 2023) ("Rule 78(b) allows the court to certify fully resolved claims for appeal when other claims remain unresolved.") (cleaned up).

## DISCUSSION

¶7            Wife did not file an answering brief. When an opening brief raises "debatable" issues and no good cause is shown for the appellee's failure to respond, "we assume the [appellee] confesses error." *Navarro v. State*, 32 Ariz. 119, 120–21 (1927); *see also Nelson v. Nelson*, 91 Ariz. 215, 217 (1962). Issues are debatable if the record before this Court does not clearly resolve them. *See Air E., Inc., v. Wheatley*, 14 Ariz. App. 290, 294 (1971).

¶8            Husband argues that the superior court abused its discretion in awarding (1) "the 2019 Fuzion fifth wheel to Wife after previously awarding the asset to Husband," (2) the GMC to Wife, and (3) shareholder distributions and business income to Wife.

### I.        2019 Fuzion Fifth Wheel

¶9            The decree, in separate places, awards the Fuzion to both Husband and Wife. *See supra* ¶ 2. The record is unclear of the court's intent or its classification of the property. Thus, the record does not clearly resolve the issue, making it debatable. *See Air E., Inc.*, 14 Ariz. App. at 294. Wife's

3

failure to file an answering brief is deemed a confession of error. *See Nelson*, 91 Ariz. at 217. We remand the award of the 2019 Fuzion Fifth Wheel, and any subsequent equalization of its value, to the superior court for reconsideration. *See Navarro,* 32 Ariz. at 120–21 (when an opening brief raises debatable issues, we generally deem the appellee's failure to answer a confession of error and reverse and remand the matter).

## II.  2020 GMC Sierra Denali

¶10        Husband argues that the court erred in awarding the GMC to Wife because it "was an asset of the community business already awarded to Husband." The court awarded Wife the GMC in the section of the decree labeled "division of all other assets to the parties," rather than the section addressing the community business. But the court did not clearly decide whether the GMC was a business asset. Nor does the record resolve this issue. *See supra* ¶¶ 3–4; *see also Air E., Inc.*, 14 Ariz. App. at 294 (issues that the record clearly resolves are not debatable). Thus, Wife's failure to file an answering brief is deemed a confession of error. We remand the issue to the superior court to determine whether the GMC is a business or community asset its ensuing proper distribution, and, based on the GMC distribution, any necessary adjustments to the equalization award. *See Navarro,* 32 Ariz. at 120–21 (allowing remand of a debatable issue where the appellee fails to file an answering brief).

## III.   Shareholder distributions and business income

¶11        The parties do not dispute that the plumbing business is community property. However, Husband contends that the court erred in awarding Wife the entire value of the shareholder distributions and business income. The superior court divides community property equitably, "though not necessarily in kind." A.R.S. § 25-318(A). The court "has broad discretion in determining what allocation of property and debt is equitable under the circumstances." *In re Marriage of Inboden*, 223 Ariz. 542, 544 ¶ 7 (App. 2010). We will affirm the allocation absent an abuse of discretion. *Id.* "In most cases, dividing jointly held property substantially equally will be the most equitable unless there exists a sound reason to divide the property otherwise." *Id.* at 544 ¶ 6 (citing *Toth v. Toth*, 190 Ariz. 218, 221 (1997)).

¶12        Here, the court awarded the community business to Husband with an offset of 50% the value of the business due to Wife. Then, apart from the award of the business, the court awarded 100% of the business's shareholder distributions from 2022 through 2024 to Wife. *See supra* ¶ 5.

And the court bundled this award with the repayment of business income that Husband used for personal purposes. Although the court states this award is "equalization" it fails to provide "a sound reason" to divide the property unequally. *See Inboden*, 223 Ariz. at 544 ¶ 6. Nor does the record clearly resolve the question. *See Wineinger v. Wineinger*, 137 Ariz. 194, 198 (App. 1983) (the court "cannot, without reason, create a gross disparity or make its award arbitrarily. In the absence of sound reasons appearing in the record which justify contrary results, apportionment of community estate upon dissolution must be substantially equal"). Thus, although the award was within the court's discretion, the issue is "debatable" and we remand the issue of the shareholder distributions and business income to the superior court for reconsideration. *See Navarro*, 32 Ariz. at 120–21 (permitting this court to remand when an opening brief raises debatable issues and the appellee fails to answer). We make no judgment on whether the award was equitable.

## CONCLUSION

**¶13**       We remand to the superior court for further consideration of these three issues, including any changes to the equalization payments. To that end, we vacate the equalization award for the superior court to address the equitable distribution upon resolution of the three property issues. We express no opinion whether the superior court should hold a new hearing or what findings it should make on remand. In all other respects, we affirm the decree.

**¶14**       Husband requests his "attorney's fees and costs incurred on appeal." This Court, in its discretion, denies his request for fees. As the prevailing party on balance, he is entitled to his costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR