NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

ELLIOTT ENGELBY, *Petitioner/Appellee,*

*v.*

BEATRICE ENGELBY, *Respondent/Appellant.*

No. 1 CA-CV 25-0906 FC

FILED 05-18-2026

Appeal from the Superior Court in Coconino County
No. S0300DO202500145
The Honorable Neil Elliot Sherman, Judge

**VACATED IN PART AND REMANDED**

COUNSEL

Elliott Engelby, Ashfork
*Petitioner/Appellee*

DNA People's Legal Services, Inc., Flagstaff
By A.J. Rogers
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**P A T O N**, Judge:

¶1        Beatrice Engelby ("Wife") appeals the superior court's decree dissolving her marriage to Elliott Engelby ("Husband").  For the following reasons, we vacate in part and remand for further proceedings consistent with this decision.

### FACTS AND PROCEDURAL HISTORY

¶2        Husband and Wife married in April 1998.  Husband filed for divorce in April 2025.  In his pro se petition for dissolution of marriage, Husband listed only one community property asset: a mobile home on 2.3 acres of land (the "Property").  He claimed the Property was worth $17,999.00 and asked the superior court to award him the Property.  In return, he sought to pay Wife one quarter of the Property's value, $4,500.00, in monthly increments of $200.00.

¶3        Wife filed her pro se response, in which she listed Husband's three operable trucks, and other inoperable vehicles, as community property.  She did not dispute the value of the Property, but described it as being 4.5 acres instead of 2.3 acres.

¶4        Husband submitted a filing in which he summarized his reasons for ending the marriage, including that wife was unfaithful, physically abusive, and excessively consumed alcohol.  Husband stated Wife "does not deserve" more than one quarter of the value of the couple's community property "due to the damage, strife, and upheaval she has caused over the years."

¶5        Wife participated in pretrial matters leading up to trial.  She submitted a Disclosure Statement, an Affidavit of Financial Information, and a Proposed Resolution Statement.  She also attended resolution management and pretrial conferences, where the trial date and time were set and affirmed.  But Wife did not appear for the trial scheduled to start at 1:30 p.m. on September 15, 2025.  The court asked Husband if he saw Wife

in the hallway. Husband replied no, and the court proceeded to trial, where it questioned Husband under oath.

¶6        Husband testified that the vehicles Wife listed as community property belonged to his son. He said the Property was their only community asset. Husband again asked the court to award him the Property subject to an equalization payment of $4,500.00.

¶7        The superior court then said it was "very likely going to award all of these things to [Husband]" explaining: "I'm going to treat this matter essentially as a default proceeding, okay. And what that means is that I'm going to find that [Wife] had notice of today's proceedings, that she failed to appear." The court continued, "if she's laying in a hospital somewhere and had a car accident and couldn't be here, then I guess she could file a motion to re-open the evidence and I would have to consider that."

¶8        Wife filed a handwritten motion at 3:11 p.m. that day, asking the court to move the trial date. She stated in her motion: "Sorry I was late. My friend [sic] car broke down on the way here. Please. I arrive at 1:50. I really wanted to be here."

¶9        The court entered its dissolution decree later that afternoon, in which it awarded the Property to Husband and ordered him to pay a $4,500.00 equalization payment to Wife. The court reasoned that "[Husband] is the only party who presented any evidence as to the value of the property. [Husband's] request is identical to that of his requests in the Petition. Because [Wife] failed to appear in this matter, the Court treats the issue of real property as a partial default judgment pursuant to Rule 76.2(b)(6) Ariz. R. Fam. Law P." The court also treated the division of tangible personal property as a default judgment. Two days later, without explanation, the court denied Wife's motion to move the court date that she filed the day of trial.

¶10       Wife timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Sections 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

¶11       Wife argues the superior court erred in dividing the community property by only awarding her one quarter of the community property's value. She contends the superior court only summarily found the division to be "fair and equitable," and it did not make the requisite

findings to warrant an unequal distribution of community property. *See* A.R.S. § 25-318(C). We agree.

**¶12** We review the superior court's division of property for an abuse of discretion. *Whitt v. Meza*, 257 Ariz. 176, 184, ¶ 27 (App. 2024). Likewise, we review the court's imposition of sanctions for an abuse of discretion. *Kelly v. Kelly*, 252 Ariz. 371, 375, ¶ 16 (App. 2021).

**¶13** The superior court must allocate marital property equitably and "without regard to marital misconduct." A.R.S. § 25-318(A). An equitable division of marital property will usually be "substantially equal[]." *In re Marriage of Inboden*, 223 Ariz. 542, 544, ¶ 6 (App. 2010). The superior court may divide community property unequally if it finds a spouse has "excessive or abnormal expenditures," or otherwise destroys, conceals or fraudulently disposes of community property. A.R.S. § 25-318(C).

**¶14** Although the court has discretion to award marital property in an unequal manner to reach an equitable outcome, "the court's discretion is not unlimited." *In re Howie v. Howie*, CA-CV 23-0587 FC, 2025 WL 1711285, at *5, ¶ 23 (Ariz. App. June 19, 2025) (mem. decision). And the superior court may not award marital assets to one spouse to punish the other for litigation misconduct. *Hatch v. Hatch*, 113 Ariz. 130, 133 (1976) ("Property may not be distributed in order to reward one party or punish the other."); *Howie*, 2025 WL 1711285, at *6, ¶ 30.

**¶15** Here, the superior court awarded Husband the Property as his sole and separate property valued at $17,999.00. It awarded Wife Husband's requested amount of $4,500.00 (one quarter of the value of the Property) as a partial default judgment because she failed to appear at trial and because only Husband "presented evidence as to the value of the property." The court offered no other justification for its unequal division. The superior court therefore ordered unequal division as a sanction against Wife pursuant to Rule 76.2(b) of the Arizona Rules of Family Law Procedure. This was an abuse of discretion. *See Hatch*, 113 Ariz. at 134; *cf. Toth v. Toth*, 190 Ariz. 218, 221 (1997) (there is sound reason for the superior court to divide property unequally in unique circumstances, such as when one spouse "paid for [the] property entirely from his separate funds" and "[t]he marriage lasted two weeks").

**¶16** Husband's answering brief does not address whether the superior court equitably divided the community property. He instead summarily states that "the Decree complied with A.R.S. 25-318" without

elaboration. In support, Husband cites *Flynn v. Campbell*, 243 Ariz. 76 (2017), but that case does not mention Section 25-318 or otherwise support his contention that the decree complied with Section 25-318. Husband also argues the partial default judgment was a procedural default, not a sanction, so Wife cannot "contest evidence." But Wife need not contest any evidence: neither Husband nor the superior court identified any fact that supports an unequal distribution of the community property, and our review of the record indicates that no fact supporting the unequal distribution exists. The only justification Husband provided for requesting an unequal distribution is that Wife "does not deserve" more than one quarter of the Property due to her alleged excessive drinking and abuse. But Wife's alleged marital misconduct is not a valid reason for an unequal distribution of community property. A.R.S. § 25-318(A). On remand, the court must award each spouse a "substantially equal" share of their community property. *See Marriage of Inboden*, 223 Ariz. at 546, ¶ 14.

**¶17** Because we find that the court erred in distributing the property inequitably, we vacate that part of the decree, including the partial default judgment, and do not address Wife's argument that the court erred in issuing a partial default judgment without following the procedures in Arizona Rule of Family Law Procedure 44.

## CONCLUSION

**¶18** We vacate the court's division of property in the dissolution decree and remand for further proceedings consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR