290 P.3d 456

**In re the Marriage of Patricia Joanne BOYLE, Petitioner/Appellee,**

v.

**Robert Carter BOYLE, Respondent/Appellant.**

**No. 1 CA–CV 12–0030.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 6, 2012.

Rad L. Vucichevich, Phoenix, Attorney for Petitioner/Appellee.

Hildebrand Law, P.C. by Christopher S. Hildebrand, Tempe, and Law Office of Scott E. Boehm, P.C. by Scott E. Boehm, Phoenix, Attorneys for Respondent/Appellant.

## OPINION

HOWE, Judge.

¶ 1 Robert Carter Boyle ("Husband") appeals the trial court's award of spousal maintenance to Patricia Joanne Boyle ("Wife").

### FACTS AND PROCEDURAL HISTORY

¶ 2 After a thirty-three year marriage, Wife petitioned for dissolution. The family court dissolved the parties' marriage and allocated their property. The dissolution decree equitably distributed the parties' homes, vehicles, realty, and life insurance policies, and the parties agreed that Wife would receive an offset from their Merrill Lynch investment accounts to equalize community property that Husband retained.

¶ 3 The parties' Merrill Lynch investment accounts were their most valuable assets. The parties agreed to split the accounts evenly with adjustments for Wife's offsets, and the court adopted this agreement. Wife's total allocation is approximately $700,000, while Husband received $550,000.

¶ 4 Wife requested and received an award of spousal maintenance. The court found Wife eligible for spousal maintenance under Arizona Revised Statutes ("A.R.S.") section 25–319(A)(2) (Westlaw 2012) [1] because she was unable to be self-sufficient through appropriate employment, and under § 25–319(A)(4) because the parties had a marriage of long duration and she was of an age that might preclude the possibility of gaining em-

1. We cite the current version of applicable stat-     utes absent revisions material to this decision.

ployment adequate for self-sufficiency. The court then considered the factors set forth in § 25–319(B) in determining the amount of spousal maintenance. In looking at the "ability of [Husband] to meet [his] needs while meeting those of [Wife]," the court found that with Husband's average gross income of $12,000 per month, he had the ability to meet his and Wife's needs. The court noted, however, that Husband was retiring because of his health problems and his business's obsolescence. Husband testified that as of November 1, 2011, he would be completely reliant on investment income and $2,300 per month in Social Security benefits. The court stated once Husband retired, his ability to meet both his reasonable needs of $4,000 per month and Wife's needs would be much more limited.

¶ 5 The court also considered Wife's financial resources and her ability to independently meet her needs, and found that Wife could meet "most or all of her needs independently." It explained that she owned her residence and had reasonable monthly expenses of approximately $2,500. The court further found that Wife would receive approximately $1,200 per month in Social Security benefits and could earn interest income from the $700,000 in the Merrill Lynch accounts allocated to her. The court addressed Husband's testimony that the investment accounts typically earned an eight percent return each year, but did not give this great weight. Wife did not offer any evidence of the expected return, and therefore the court found no reasonable basis to project the amount of income that either party could generate from the Merrill Lynch accounts.

¶ 6 After reviewing all factors, the court ordered Husband to pay Wife $3,000 per month for the months that Husband was working, the same amount that Husband had previously agreed to pay Wife. It further ordered that when Husband retired on November 1, 2011, he must pay Wife $50 and a $5 handling fee each month for 120 consecutive months. The court noted that if Husband reconsidered his retirement plans, Wife might be entitled to a greater amount of spousal maintenance.

¶ 7 Husband timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(B).

## DISCUSSION

¶ 8 Husband argues that the trial court erred in awarding spousal maintenance to Wife because (1) it was not necessary for her support and (2) the amount of the award, $50 a month for ten years, was nominal and ordered solely to retain jurisdiction of the case if Husband resumed working. We review the trial court's rulings on spousal maintenance for an abuse of discretion. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14, 972 P.2d 676, 681 (App.1998). A family court abuses its discretion by making an error of law in reaching a discretionary conclusion, *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8, 200 P.3d 1043, 1045 (App.2008), or making a discretionary ruling that the record does not support, *see Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19, 219 P.3d 258, 262 (App. 2009). We view the evidence in the light most favorable to the superior court's order and will affirm the judgment if reasonable evidence supports it. *Hurd*, 223 Ariz. at 52, ¶ 19, 219 P.3d at 262.

### Wife's Eligibility for Spousal Maintenance

¶ 9 Spousal maintenance is appropriate when a spouse meets *any* of the following four enumerated grounds of A.R.S. § 25–319(A): (1) lacks sufficient property to provide for the spouse's reasonable needs; (2) is unable to be self-sufficient through appropriate employment or lacks earning capacity in the labor market adequate to be self-sufficient; (3) contributed to the educational opportunities of the other spouse; or (4) had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

¶ 10 Husband argues that Wife was ineligible for spousal maintenance because she received sufficient property to meet her needs, which would disqualify her for maintenance under section (A)(1). Contrary to Husband's assertions, the court found that Wife was eligible to receive maintenance under subsec-

tions (A)(2) and (A)(4), respectively. Husband did not contest these grounds.

¶ 11 Reasonable evidence supports the court's findings. In reviewing a spousal maintenance award, this court reviews the record to determine whether evidence supports the family court's holding that a spouse qualifies for maintenance pursuant to § 25–319(A). *Gutierrez*, 193 Ariz. at 348, ¶ 15, 972 P.2d at 681. Wife is sixty-five years old and has many serious health problems, making it difficult for her to work. She was also married to Husband for thirty-three years. Neither fact is disputed. Because sufficient evidence supports the court's findings that she is unable to be self-sufficient through appropriate employment and had a marriage of long duration, we find no error in the court's findings that Wife was eligible for spousal maintenance.

¶ 12 Husband argues, however, that a spouse must first show an inability to be self-sufficient to be eligible for spousal maintenance. Husband correctly argues that the law that existed before the 1987 amendment to § 25–319(A) required a spouse requesting spousal maintenance to establish lack of sufficient property to provide for his or her reasonable needs as well as an inability to support himself or herself. *See* 3 Charles Marshall Smith & Irwin Cantor, *Marriage Dissolution Practice* (Arizona Practice) § 307 (2012–2013 ed.) (discussing pre–1987 version of the statute). In 1987, however, the legislature removed this limitation and broadened the class of eligibility for spousal maintenance to include inability to become self-sufficient, contribution to the other's education, and length of marriage and age as additional reasons that would warrant an award of spousal maintenance. The decisions that Husband cites to support his position, *Rowe v. Rowe*, 154 Ariz. 616, 744 P.2d 717 (App.1987), *Buttram v. Buttram*, 122 Ariz. 581, 596 P.2d 719 (App.1979), and *Norton v. Norton*, 101 Ariz. 444, 420 P.2d 578

(1966), rely on the pre–1987 statute and are thus no longer good law to the extent they hold otherwise.[2] We discern no error in the court's finding of Wife's eligibility for spousal maintenance.

## Amount of Award

¶ 13 We next address Husband's contention that an award of $50 per month in spousal maintenance after his retirement was a nominal amount awarded solely for the court to retain jurisdiction over the parties. The family court has "substantial discretion to set the amount and duration of spousal maintenance." *Rainwater*, 177 Ariz. at 502, 869 P.2d at 178. We review the amount awarded for an abuse of that discretion. *Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 9, 160 P.3d 231, 233 (App.2007). In determining whether the family court has abused its discretion, we review whether the court properly considered the factors relevant to determining the amount of an award that are set forth in § 25–319(B), *Gutierrez*, 193 Ariz. at 348, ¶ 15, 972 P.2d at 681, and we will affirm the amount awarded if reasonable evidence supports it, *Cullum*, 215 Ariz. at 354, ¶ 9, 160 P.3d at 233.

¶ 14 In the dissolution decree, the court properly addressed and considered each relevant factor listed in § 25–319. The court found that the parties enjoyed a comfortable standard of living when they were married and that Wife's health issues made it difficult for her to work. It found that although Wife worked for Husband's business, she was not paid. Wife's reasonable monthly expenses were approximately $2,500, and after she received her monthly Social Security benefits, she remained in need of $1,300 per month. Although she could earn interest income from funds in her Merrill Lynch account, the court had no reasonable basis to project the amount of income Wife would receive. The court concluded that once hus-

---

2. Husband does rely on one decision issued after the 1987 amendments to § 25–319, *Rainwater v. Rainwater*, 177 Ariz. 500, 869 P.2d 176 (App. 1993). The decision nevertheless does not support his position. In that case, the parties did not dispute the court's finding under § 25–319(A)(1) that the spouse had insufficient income to meet her needs. Eligibility for spousal maintenance under (A)(2) through (A)(4) also was not at issue. Here, in contrast, Wife was found eligible for spousal maintenance under sections (A)(2) and (A)(4), findings that Husband does not dispute.

band retired, and his ability to meet his own and Wife's reasonable needs was more limited, an award of $50 per month was appropriate.

### CONCLUSION

¶ 15 We conclude that the court did not abuse its discretion in ordering Husband to pay $50 per month for ten years after he retires. The parties' assets were equitably distributed; Wife's greater savings account reflects stipulated offsets for the tangible assets that Husband received. The only difference in assets now exists in the amount of their Social Security benefits. Wife receives half as much Social Security benefits as Husband, and we cannot say that the court clearly erred in finding that Wife has insufficient income to meet her monthly expenses. Although the trial court did not provide a specific explanation of its conclusion that $50 was an appropriate amount, we can "infer that the trial court has made the additional findings necessary to sustain its judgment" where, as here, the evidence reasonably supports such findings and does not conflict with express findings. *Elliott v. Elliott*, 165 Ariz. 128, 135, 796 P.2d 930, 937 (App.1990).

¶ 16 Finally, the record does not support Husband's contention that under *Neal v. Neal*, 116 Ariz. 590, 593, 570 P.2d 758, 761 (1977), the $50 award was an improper attempt to retain jurisdiction over the parties by awarding a nominal amount of spousal maintenance. In *Neal*, the court discussed an *unjustified* award of nominal spousal maintenance. *Id.* Here, the award is justified because Wife is eligible to receive spousal maintenance under § 25–319(A)(2) and (4). Although the amount of spousal maintenance is small, we find that the court did not abuse its discretion in determining that the amount was justified under the facts of this case. Further, an award of $50 per month has previously been upheld when the evidence supports it. *See, e.g., Holby v. Holby*, 131 Ariz. 113, 114, 638 P.2d 1359, 1360 (App.1981) (affirming an award of $50 per month because the wife's income was insufficient to meet her monthly expenses, the amount awarded was not even adequate to make up the difference, and husband could

afford the award and therefore the court would not disturb it.).

### Request for Attorneys' Fees

¶ 17 Section 25–324 provides for attorneys' fees in family law cases based on the "financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." *Nelson v. Nelson*, 164 Ariz. 135, 138, 791 P.2d 661, 664 (App.1990). Both parties have relatively comparable financial resources, and neither party adopted an unreasonable position on appeal. Therefore, in the exercise of our discretion, we will not order an award of fees on appeal.

CONCURRING: MAURICE PORTLEY, Presiding Judge and PATRICIA A. OROZCO, Judge.