NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

STEPHEN R. FULLER, *Petitioner/Appellee,*

*v.*

ANGELA D. FULLER, *Respondent/Appellant.*

No. 1 CA-CV 15-0680 FC
FILED 8-23-2016

Appeal from the Superior Court in Maricopa County
No.  FN2015-001100
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Lincoln & Wenk PLLC, Goodyear
By Michael Lincoln, Russell F. Wenk
*Counsel for Respondent/Appellant*

Stephen R. Fuller, Surprise
*Appellee*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Kent E. Cattani joined.

**P O R T L E Y**, Judge:

¶1        Angela D. Fuller ("Wife") appeals from the decree dissolving her marriage to Stephen R. Fuller ("Husband"). She challenges the family court's denial of her request for spousal maintenance. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Wife and Husband were divorced in 2015 after fifteen years of marriage. They agreed to a division of personal property, division of debt, assignment of vehicles, and the sale of the marital home pursuant to Arizona Rule of Family Law Procedure ("Rule") 69. They also agreed that an IRA account established prior to marriage was Wife's sole and separate property.

¶3        After an evidentiary hearing, the family court (1) ordered an equal division of the proceeds from the sale of the home, (2) awarded Wife two retirement accounts earned during the marriage,[1] and (3) awarded Wife a portion of her attorneys' fees. The court denied Wife's request for spousal maintenance in the amount of $1200 per month for six years.

---

[1] The court awarded Wife both retirement accounts after finding that Husband had withdrawn significant funds from a community 401(k) account, using them for non-community purposes.

**¶4** Wife filed a notice of appeal only challenging the family court's spousal maintenance ruling.[2] We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[3]

## DISCUSSION

**¶5** We will not disturb a ruling on spousal maintenance absent an abuse of discretion. *See In re Marriage of Berger*, 140 Ariz. 156, 167, 680 P.2d 1217, 1228 (App. 1983). We view the evidence in the light most favorable to sustaining the ruling and will "affirm if there is any reasonable evidence to support it." *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9, 166 P.3d 929, 931 (App. 2007).

**¶6** Section 25-319 governs an award of spousal maintenance and provides:

> In a proceeding for dissolution of marriage . . . the court may grant a maintenance order for either spouse for any of the following reasons if it finds that the spouse seeking maintenance:
>
> 1. Lacks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs.
>
> 2. Is unable to be self-sufficient through appropriate employment . . . .
>
> 3. Contributed to the educational opportunities of the other spouse.
>
> 4. Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

---

[2] Husband did not file an answering brief. In the exercise of our discretion, we decline to treat his failure as a confession of error. *See Michaelson v. Garr*, 234 Ariz. 542, 544 n.3, ¶ 4, 323 P.3d 1193, 1195 n.3 (App. 2014).

[3] We cite the current version of applicable statutes unless otherwise stated.

A.R.S. § 25-319(A). An award of spousal maintenance is appropriate if a spouse meets any of the four grounds enumerated in the statute. *See Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 9, 290 P.3d 456, 458 (App. 2012).

¶7            Wife argues the family court abused its discretion in denying her request because "the indisputable evidence at trial demonstrated that she qualified for spousal maintenance as set forth in three (3) of the four (4) grounds outlined in A.R.S. § 25-319(A)."[4]

## I.    Wife's Property

¶8            Wife argues that she "lacks sufficient property to provide for her reasonable needs." *See* A.R.S. § 25-319(A)(1).

¶9            The decree awarded Wife her sole and separate retirement account, valued at approximately $159,000. She was also awarded two retirement accounts, with a combined value between $25,000 and $28,000. In addition, the record reflects that Wife retained $10,000 to $11,000 of equity in her vehicle, and will receive $15,000 to $20,000 of equity from the sale of the marital home. Moreover, and as discussed below, she is employed and earns a salary of $47,000 per year. As a result, the evidence supports the ruling because Wife has sufficient property to provide for her reasonable needs.[5]

## II.   Wife's Employment

¶10          Wife also argues that she "is unable to be self-sufficient through appropriate employment or lacks earning ability in the labor market adequate to be self-sufficient." *See* A.R.S. § 25-319(A)(2). The evidence belies the argument.

¶11          Wife worked throughout the marriage. At the time of dissolution, she was employed as a human resources systems and employment coordinator by a school district earning $47,000 per year. The

---

[4] Wife does not argue that she "[c]ontributed to the educational opportunities" of Husband. A.R.S. § 25-319(A)(3).

[5] Although the family court did not make separate findings as to each of the three factors, we infer from the decree "the findings necessary to sustain it if such additional findings do not conflict with express findings and are reasonably supported by the evidence." *Thomas v. Thomas*, 142 Ariz. 386, 390, 690 P.2d 105, 109 (App. 1984) (citation omitted).

evidence thus supports the court's ruling regarding Wife's ability to be self-sufficient.

## III.    Wife's Self-Sufficiency

¶12    Finally, Wife argues that "[t]he marriage of the parties was of long duration and [Wife] is of an age (53) that may preclude the possibility of gaining employment adequate to be self-sufficient." *See* A.R.S. § 25-319(A)(4).

¶13    The parties were married for fifteen years. She worked during the marriage, and, as indicated above, held a stable job earning $47,000 per year. Consequently, the family court did not abuse its discretion by denying her request for spousal maintenance.

## IV.    Fees on Appeal

¶14    Finally, Wife requests attorney's fees on appeal pursuant to A.R.S. § 25-324, which authorizes a court to award fees and expenses after considering the financial resources of the parties and the reasonableness of their positions. In our discretion, we deny her request for attorney's fees on appeal, but grant her request for costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

¶15    Based on the foregoing, we affirm the family court's ruling denying Wife's request for spousal maintenance.



Amy M. Wood • Clerk of the court
FILED:  AA