NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MATTHEW BOWLES and BECKY HAWK-BOWLES, et al.,
*Petitioners/Appellees*,

*v.*

BRITTANY TRZNADEL, *Respondent/Appellant*.

No. 1 CA-CV 18-0006 FC

FILED 5-28-2019

Appeal from the Superior Court in Coconino County
Nos. S0300DO201500189; S0300DO201600358 (Consolidated)
The Honorable Elaine Fridlund-Horne, Judge

**VACATED AND REMANDED**

COUNSEL

Catherine Fine, Attorney at Law, Flagstaff
By Catherine Fine
*Counsel for Petitioner/Appellee Grandparents*

Bryon Middlebrook, P.C., Flagstaff
By Bryon Middlebrook
*Counsel for Respondent/Appellant Mother*

---

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Michael J. Brown and Judge James B. Morse Jr. joined.

---

**B E E N E**, Judge:

¶1        Brittany Trznadel ("Mother") appeals the superior court's order establishing unsupervised visitations between her children and paternal grandparents, Matthew Bowles and Becky Hawk-Bowles ("Grandparents"). For the following reasons, we vacate the court's order and remand for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Jesse Bowles ("Father") had two children in common during their marriage: N.G. Trznadel-Bowles ("N.T.") born in December 2008 and J.E.S. Trznadel-Bowles ("J.T.") born in July 2011 ("Children"). In 2015, Father physically abused Mother's third child, born in December 2014 to a different father. As a result of this incident, Father pled guilty to attempted child abuse and received a 13-year prison sentence.

¶3        Mother and Father divorced in January 2016 and Mother was granted sole decision-making authority in April 2018 with Father having no parenting time until an assessment regarding appropriate parenting time could be conducted upon his release from prison.

¶4        Approximately six months before Father's arrest, Mother and Father entered into a written agreement declaring that "[Father] and [Mother] agreed that [Father]'s parents [Grandparents] will not provide childcare and that they will not be left alone with the children without [Father] present" ("Agreement"). Father never testified regarding Grandparents' requested visitation, the Agreement, or otherwise, having asserted his Fifth Amendment right against self-incrimination, although Father's attorney stated on the record in this case that Father supported his parents having visitation with the Children. In August 2017, Mother testified that she opposed the Grandparents' visitation request because she did not believe it was in the Children's best interests.

¶5        In January 2017 and August 2017, the superior court conducted a trial, during which several witnesses testified: both

Grandparents; their son, James Bowles; N.T.'s psychological counselor, Kim Kalas; maternal grandmother, Heather Christopher; and Mother. In October 2017, the court awarded Grandparents supervised visitation "twice per month for two hours each visit" with the Children and expressly stated the court needed "**more** evidence to make a determination as to whether or not ongoing visitation should occur and how frequently and under what conditions." (Emphasis in original.) After the court denied Mother's motion to reconsider, she timely appealed in February 2018.

¶6 During an April 2018 review hearing, Grandparents requested a change in the visitation schedule. In June 2018, the court held an evidentiary hearing regarding the progress of Grandparents' supervised visitation. Although present at the hearing, Mother chose not to testify or present any evidence.[1] In July 2018, the court issued a new ruling, granting Grandparents regular unsupervised visitation, and significantly increasing the amount of visitation time. The court also concluded that Father's opinion on Grandparents' visitation "should be given 'special weight.'" Mother filed a second motion for reconsideration, and we stayed this appeal until that motion's resolution. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶7 Mother argues the superior court erred by awarding Grandparents visitation without 1) making a finding that Grandparents' visitation was in the Children's best interests; 2) giving "special weight" to

---

[1] In her supplemental appellate brief, Mother argues the superior court failed to provide her with adequate notice that the court would substantially modify its October 2017 award of visitation time, instead of merely considering whether visitation would become unsupervised. Because Mother failed to argue this issue at the superior court, she waived this argument on appeal. *See Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 503 (1987) ("[A]n appellate court will not consider issues not raised in the trial court."); *Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386, ¶ 12 (App. 2011) (same). The record reveals, however, that the court set a review hearing to "discuss additional visitation and whether or not it will continue to be supervised." At that review hearing, Mother's counsel requested an additional evidentiary hearing regarding the change in the visitation schedule, which was conducted in June 2018 and at which Mother appeared. Mother thus had adequate notice that modification of the visitation schedule was at issue.

Mother's position while erroneously affording "special weight" to Father's position; 3) making necessary findings pursuant to A.R.S. § 25-409(E); and 4) considering Mother's constitutional right to raise her children as she deemed appropriate.

**¶8** We review a superior court's decision to grant or deny visitation for an abuse of discretion. *McGovern v. McGovern*, 201 Ariz. 172, 175, ¶ 6 (App. 2001). A court abuses its discretion when it commits an error of law or fails to consider evidence in reaching a discretionary conclusion or if, upon review, "the record fails to provide substantial evidence to support the trial court's finding." *Flying Diamond Airpark, LLC. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007) (citation omitted). "We defer to a trial court's factual findings, so long as they are supported by substantial evidence, but we review any issues of law de novo." *Sw. Soil Remediation, Inc. v. City of Tucson*, 201 Ariz. 438, 442, ¶ 12 (App. 2001). "We view the record in the light most favorable to supporting the family court's visitation order." *In re the Marriage of Friedman*, 244 Ariz. 111, 113, ¶ 2 (2018).

## I. The Superior Court Failed to Find that Grandparents' Visitation Was in the Best Interests of the Children.

**¶9** Mother argues the superior court abused its discretion by failing to expressly find Grandparents' visitation was in the Children's best interests. We agree.

**¶10** "[P]arents have a constitutionally protected right under the Fourteenth Amendment to raise their children as they see fit." *McGovern*, 201 Ariz. at 175, ¶ 9 (quotation omitted); *see also Troxel v. Granville,* 530 U.S. 57, 65–66 (2000). Grandparent visitation granted within the parameters of A.R.S. § 25-409, however, "does not substantially infringe on parents' fundamental rights." *McGovern*, 201 Ariz. at 175, ¶ 9 (citation omitted). In Arizona, "[t]he superior court *may* grant visitation rights during the child's minority *on a finding* that the visitation is in the *child's best interests . . . .*" A.R.S. § 25-409(C)(emphasis added).

**¶11** None of the superior court's orders contain the statutorily required best-interests findings. Because of this error, the court abused its discretion. We therefore vacate the court orders and remand for a best-interests finding pursuant to § 25-409. *See Meienberg*, 215 Ariz. at 50, ¶ 27.

## II. The Superior Court Failed to Afford Mother's Opinion Any Special Weight and Erroneously Afforded Special Weight to Father's Opinion.

¶12 Mother further contends the superior court abused its discretion by failing to give her decision to oppose Grandparents' visitation some "special weight," while erroneously affording "special weight" to Father's opinion. We agree.

¶13 "In deciding whether to grant visitation to a third party, the court shall give special weight to the legal parents' opinion of what serves their child's best interests." A.R.S. § 25-409(E); *McGovern*, 201 Ariz. at 177–78, ¶ 18 (stressing that courts must "give 'some special weight' to a fit parent's determination of whether visitation is in the child's best interest") (quoting *Troxel*, 530 U.S. at 70). Although this statute does not define "special weight," the legislature "quite clearly intended to incorporate *Troxel*'s 'special weight' component into the visitation analysis[, so] . . . we interpret Arizona's statutory phrase in line with *Troxel*" and *McGovern*. *In re the Marriage of Friedman*, 244 Ariz. at 116, ¶ 20; *see also Troxel*, 530 U.S. at 70. *Troxel*, however, left the issue of the "amount of weight" a superior court should place on these factors "for development on a case-by-case basis." *In re the Marriage of Friedman*, 244 Ariz. at 116–17, ¶¶ 16, 20 (quoting *McGovern*, 201 Ariz. at 177–78, ¶ 18).

¶14 Here, Mother and Father are the legal parents of the Children and their opinions regarding Grandparents' requested visitation are entitled to some "special weight." *See In re the Marriage of Friedman*, 244 Ariz. at 117, ¶ 22 (holding that each legal parent's "opinions on visitation is entitled to 'special weight'"); A.R.S. § 25-409(E). The court, however, did not indicate whether it placed "special weight" on Mother's position regarding Grandparents' requested visitation.

¶15 Moreover, while adopting Father's proposed findings of facts and conclusions of law, the court made a finding that "Father supports the request for the paternal grandparents to have visitation with his children." Father, however, never testified to that statement, although he appeared during the January 2017 evidentiary hearing and was represented by counsel. Father did not submit any admissible evidence as to whether he approved of Grandparents' requested visitation. Because the record contains no admissible evidence regarding Father's position on this issue, the court abused its discretion by adopting unsupported findings. *See Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012) ("A family court abuses its

discretion by . . . making a discretionary ruling that the record does not support."); *Meienberg*, 215 Ariz. at 50, ¶ 27.

¶16 Mother's position on Grandparents' visitation was entitled to be afforded "special weight" according to *Troxel*, 530 U.S. at 70, and *McGovern*, 201 Ariz. at 177–78, ¶ 18. *See In re the Marriage of Friedman*, 244 Ariz. at 117, ¶ 22. But the superior court failed to consider Mother's position as such, while incorrectly affording "special weight" to Father's position. Therefore, we vacate the court's orders and remand for further proceedings consistent with this decision.

### III. Sufficient Evidence Did Not Support the Court's Findings and the Court Failed to Make Findings Pursuant to A.R.S. § 25-409(E).

¶17 Mother further argues the court lacked sufficient evidence 1) to award Grandparents *supervised* visitation in October 2017;[2] 2) to consider § 25-409(E)'s factors and make pertinent findings on the record; 3) to modify the visitation order in July 2018, when it significantly expanded the initially awarded visitation time; and 4) to award Grandparents visitation that was not "minimally intrusive."

¶18 The third-party rights statute "prescribes a non-exhaustive list of relevant factors the court *shall* consider" in making its visitation order. *In re the Marriage of Friedman*, 244 Ariz. at 115, ¶ 12 (quotation omitted) (emphasis added); *see also* A.R.S. § 25-409(C), (E) (mandating that "the court *shall* . . . consider all relevant factors including: . . .") (emphasis added); *McGovern,* 201 Ariz. at 177, ¶ 15. The superior "court's findings of fact satisfy Arizona law if they are pertinent to the issues and comprehensive enough to provide a basis for the decision." *Miller v. Bd. of Sup'rs of Pinal Cty.*, 175 Ariz. 296, 299 (1993) (quotation omitted). To "effectively review the [subsequent] decision-making process of the trial court," we need the court to explain "*how* [it] actually arrived at its conclusion." *Id.* (citation and quotation omitted).

¶19 Here, the court described the evidence it received and made findings of fact. But in none of its orders, nor on the record, did the court

---

[2] Because the court held an additional evidentiary hearing in June 2018, we find this argument moot. *See Arpaio v. Maricopa Cty. Bd. of Supervisors*, 225 Ariz. 358, 361, ¶ 7 (App. 2010) (holding that an issue "becomes moot when an event occurs which would cause the outcome of the appeal to have no practical effect on the parties").

describe which statutory, or other, factors it considered, how it applied the facts to the statutory factors, or how it arrived at its conclusions, even though § 25-409(E) expressly requires the court make these considerations. Because the court failed to indicate whether and how it applied § 25-409(E)'s factors, it abused its discretion. *See Meienberg*, 215 Ariz. at 50, ¶ 27; *Miller*, 175 Ariz. at 299; *see also Gutierrez v. Fox*, 242 Ariz. 259, 267–68, ¶ 34 (App. 2017) (making statutorily-required findings and revealing the court's reasoning, on the record, aids the appellant, the reviewing court, and all parties "in determining the best interests of the child or children both currently and in the future") (quotation omitted).

**¶20** Further, § 25-409(E)(4) prescribes that the court shall consider "[t]he quantity of visitation time requested and the potential adverse impact that visitation will have on the child's customary activities." Additionally, the visitation awarded "must be as minimally intrusive as possible," especially since the statute "is structured to enable the [superior] court to make grandparent visitation a minimal burden on the rights of the child's parents." *McGovern*, 201 Ariz. at 177, ¶ 16 (citation omitted). Moreover, one of the factors to consider under § 25-409 is "a parent's willingness to allow some visitation." *Id.* at 179, ¶ 24 (citing *Troxel,* 530 U.S. at 71). The superior court must consider and give "'*significant weight*' to a parent's voluntary agreement to some visitation, albeit not as much visitation as the grandparent desires." *Id.* at 178, ¶ 18 (emphasis added). Inversely, "the statute permits the court to grant 'reasonable [grandparent] visitation rights,' which may vary from those agreed to or urged by the parent." *Id.* at 179, ¶ 24 (citing A.R.S. § 25-409(A)).

**¶21** In October 2017, after a two-day trial in January and August 2017, the court ruled it needed "**more** evidence to make a determination as to whether or not ongoing visitation should occur and how frequently and under what conditions." (Emphasis in original.) In June 2018, the court held an evidentiary hearing, at which it admitted a report regarding Grandparents' supervised visitation and considered the supervisor's testimony. The court, however, heard no additional evidence regarding the Children's schedule of customary activities. *See* A.R.S. § 25-409(E)(4). Yet, in its July 2018 order, the court significantly increased Grandparents' visitation time with the Children, affirming the same in September 2018, while the Children's schedules changed with a new school year, as indicated during the August 2017 trial. The record provides no evidence that the July 2018 order was minimally intrusive in its visitation time expansion and schedule. *See McGovern*, 201 Ariz. at 177, ¶ 16.

¶22         We therefore remand for the superior court to make the necessary findings pursuant to § 25-409 regarding the Children's current schedule, consider Mother's proposal for Grandparents' visitation with the Children, *see McGovern*, 201 Ariz. at 177–78, 179, ¶¶ 18, 24, and evaluate any other relevant consideration, including whether its orders are minimally intrusive.

### IV.    Attorneys' Fees on Appeal.

¶23         Mother requests that we award her attorneys' fees and costs incurred on appeal pursuant to A.R.S. § 25-324.  Because neither party advanced an unreasonable position on appeal and the parties' financial resources were not disclosed to us, in the exercise of our discretion, we decline to award Mother her attorneys' fees.  Mother, however, is entitled to recover her costs on appeal pursuant to A.R.S. § 12-342 upon compliance with Arizona Rules of Civil Appellate Procedure 21.

### CONCLUSION

¶24         For the foregoing reasons, we vacate the superior court orders issued in October 2017, July 2018, and September 2018, and remand to the superior court to afford Mother's visitation position some "special weight," make best-interests finding on the record, make findings pertaining to the factors found in A.R.S. § 25-409(C) and (E), and any other relevant consideration, including whether its orders are minimally intrusive.



AMY M. WOOD • Clerk of the Court
FILED:  AA