NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SCOTT VARTANIAN, *Petitioner/Appellee*,

*v.*

DESEANA RENEE VARTANIAN, *Respondent/Appellant*.

No. 1 CA-CV 20-0347 FC
FILED 5-4-2021

Appeal from the Superior Court in Maricopa County
No. FC2018-095683
The Honorable Adele Ponce, Judge

**AFFIRMED**

COUNSEL

Berkshire Law Office PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin
*Counsel for Petitioner/Appellee*

Adam C. Rieth PLLC, Mesa
By Adam C. Rieth
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

_____

**B A I L E Y**, Judge:

**¶1**        Deseana Vartanian ("Wife") appeals from a decree of dissolution, challenging the amount and duration of spousal maintenance the superior court awarded her.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Wife and Scott Vartanian ("Husband") were married for twenty years before Husband filed for divorce.

**¶3**        The disputed issues at the dissolution trial included allocating debt, child support, and Wife's request for spousal maintenance.

**¶4**        Wife, 46 years old at the time of trial, has a degree in accounting.  She testified she had never worked as an accountant but instead had worked several full and part-time jobs earning between $15 and $16 per hour.  At the time of trial, she was unemployed.  She asked the court to award her spousal maintenance of $5,000 per month for eight years.  Husband argued Wife did not qualify for maintenance under A.R.S. § 25-319(A).  The court, however, found that "[in] light of the parties' high standard of living and Wife's need for time to establish a career in the accounting field," she qualified for spousal maintenance under § 25-319(A).  The court then considered and made written findings on the factors in § 25-319(B) and awarded her $1,570 a month for three years.

**¶5**        We have jurisdiction over Wife's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and –2101(A)(1).

## DISCUSSION

**¶6**        We review the court's ruling on spousal maintenance for an abuse of discretion.  *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012).  "We view the evidence in the light most favorable to the superior court's order and will affirm the judgment if reasonable evidence supports it."  *Id.*

¶7　　　　The superior court has substantial discretion in setting the amount and duration of spousal maintenance. *Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993); *see* A.R.S. § 25-319(B) (providing the "order shall be in an amount and for a period of time as the court deems just"). In setting the amount and duration of an award, the court is to consider "all relevant factors," including 13 specifically enumerated factors. *Id.* Although the superior court here made specific findings regarding each statutory factor, Wife contends it overestimated her earning ability and gave improper weight to the amount of cash she received in the apportionment of marital property. We disagree.

¶8　　　　Wife first argues three years is not long enough for her to secure appropriate employment and the $1,570 award is insufficient to meet her reasonable monthly expenses. But the court heard evidence that Wife could earn enough money to meet many of her stated expenses. Wife had not worked consistently in the accounting field and argued it would take her time to find a position as an accounting clerk that would enable her to transition into a job as an accountant. Husband's vocational expert opined that Wife's degree qualified her to work as an accounting clerk for an annual salary of between $33,000 and $48,000, and that after three years as an accounting clerk, she could find work as an accountant at a significantly higher salary. In making its ruling, the court extensively reviewed Wife's job history and found that she could build a career in the accounting field over a few years' time.

¶9　　　　Wife next argues that in determining the amount of spousal maintenance to award, the court erred by considering that she would receive just over $100,000 as her share of the equity in the marital residence. Although the court characterized this as a "significant financial resource," § 25-319(B) requires the court to consider "[t]he financial resources of the party seeking maintenance, *including marital property apportioned to that spouse*, and that spouse's ability to meet that spouse's own needs independently." A.R.S. § 25-319(B)(9) (emphasis added). Nothing in the decree requires Wife to draw from the $100,000 to meet her reasonable monthly expenses. Thus, the court did not err by considering Wife's award from the marital residence.

¶10　　　　We also reject Wife's assertion that the superior court erred by not properly considering her reasonable financial needs. The court considered Wife's Affidavit of Financial Information and her testimony regarding her expenses. The court was free to make credibility determinations and weigh this evidence, together with its findings regarding Wife's earning capacity, when it decided to award her $1,570 a

month. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998) ("We will defer to the trial court's determination of witnesses' credibility and the weight to give conflicting evidence."). Wife does not argue any of the court's findings are unsupported by reasonable evidence. Instead, she asks this court to reweigh the superior court's § 25-319(B) analysis, which we will not do. *See Reeck v. Mendoza*, 232 Ariz. 299, 303, ¶ 14 (App. 2013).

¶11 Finally, to the extent Wife argues the court erred by basing the award on her gross income rather than her net income, we find this argument waived. *See Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007) ("[A]rguments raised for the first time on appeal are untimely and deemed waived.").

¶12 The record demonstrates the superior court properly considered the relevant statutory factors and its findings are supported by reasonable evidence. *See Boyle*, 231 Ariz. at 65, ¶ 8.

¶13 Both Husband and Wife request attorneys' fees on appeal pursuant to A.R.S. § 25-324. Husband also requests his costs. Considering the relevant factors and in an exercise of our discretion, we decline to award attorneys' fees to either party. *See* A.R.S. § 25-324. Husband is entitled to his costs of appeal contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21. A.R.S. § 25-324.

## CONCLUSION

¶14 Because reasonable evidence supports the court's award of spousal maintenance, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA

4