NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

PETER T. BARNUM, *Petitioner/Appellant,*

*v.*

STEPHANIE JEANETTE BARNUM, *Respondent/Appellee.*

No. 1 CA-CV 24-0281 FC

FILED 10-14-2025

Appeal from the Superior Court in Navajo County
No. S0900D0202200237
The Honorable Melinda K. Hardy, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Coronado Law Firm, PLLC, Lakeside
By Eduardo H. Coronado
*Counsel for Petitioner/Appellant*

White Mountain Law Group, PLC, Show Low
By Michael R. Ellsworth
*Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge Brian Y. Furuya joined.

_____

**P A T O N**, Judge:

¶1            Peter Barnum ("Husband") appeals from the superior court's dissolution decree.  For the following reasons, we affirm in part, vacate in part, and remand for recalculation of the spousal maintenance award.

## FACTS AND PROCEDURAL HISTORY

¶2            Husband and Stephanie Barnum ("Wife") married in 1993. Husband petitioned for dissolution of marriage in July 2022, indicating neither party was entitled to spousal maintenance.  In her response, Wife countered that she was entitled to spousal maintenance.  The court appointed Wife a guardian ad litem due to concerns of Wife's diminished capacity resulting from her declining health.  In her pretrial statement, Wife requested spousal maintenance in the amount of $4,500 per month for an indefinite period.

¶3            The superior court held a dissolution trial and issued a dissolution decree in February 2024.  Husband moved to alter or amend the judgment on several grounds, including challenging the spousal maintenance award.  The court denied the motion except to correct an error irrelevant here, which resulted in an amended decree.  The July 2024 amended decree ordered Husband to pay Wife $4,500 per month in spousal maintenance for an indefinite term.

¶4            Husband timely appealed.  We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

## DISCUSSION

### I.      Financial Accounts

¶5            Husband argues the superior court erred when it categorized the PNC Bank Money Market Trust and BBVA Money Market accounts ("trust accounts") as community property rather than as Husband's sole and separate property.  Wife concedes this was error but argues it was

harmless because the court awarded Husband the entirety of both accounts; they were not equitably divided.

**¶6**         In a dissolution proceeding, the superior court must assign each spouse his or her sole and separate property and must equitably divide the community property. A.R.S. § 25-318(A). We review the superior court's characterization of property de novo. *Helland v. Helland*, 236 Ariz. 197, 199, ¶ 8 (App. 2014).

**¶7**         Here, the court found that the trust accounts were community property. But the court awarded the entirety of both accounts to Husband. Although the characterization of both accounts as community property was error, as Wife concedes, the error is harmless. Husband was not prejudiced by the errors because Wife did not receive any amount from either account. *See Walsh v. Walsh*, 230 Ariz. 486, 494, ¶ 24 (App. 2012) ("We will reverse only if the complaining party suffers prejudice as a result of the error. Prejudice must appear affirmatively from the record." (citation omitted)); ARFLP 86 ("Unless justice requires otherwise . . . any [] error by the court or a party . . . is not grounds . . . for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). And the court did not award Wife other community property substantially equal to the value of the accounts to offset the award of these accounts to Husband. The only community property Wife received was a bank account containing $459—a nominal amount compared to the $1.8 million held in the trust accounts.

**¶8**         Accordingly, the court's erroneous characterization of these two financial accounts as community property is harmless and does not require us to vacate or modify the dissolution decree.

## II.    Spousal Maintenance

**¶9**         Husband argues the superior court erred in awarding Wife spousal maintenance because: (1) the court considered Husband's Social Security income, trust property, and inheritance; (2) the award is contrary to the evidence and unsupported by findings of fact; and (3) the court erroneously found that Husband has good earning ability in the labor market. We review the superior court's award of spousal maintenance for an abuse of discretion. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14 (App. 1998).

**A.** **The court did not err by considering Husband's Social Security benefits, trust property, or inheritance in its spousal maintenance award.**

¶10 Husband argues the court erred by considering his Social Security benefits and the trust accounts, his sole and separate property, to award Wife spousal maintenance. He contends that considering either source is impermissible and functionally converts his sole and separate property into community property.

¶11 Generally, community property includes all assets acquired during marriage except by gift, devise, or descent. A.R.S. § 25-211(A)(1). In a dissolution proceeding, the superior court must assign each spouse his or her sole and separate property and equitably divide the community property. A.R.S. § 25-318(A). Social Security benefits cannot be divided as community property under federal law. 42 U.S.C. § 407(a); *Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 10 (App. 2005); *Kelly v. Kelly*, 198 Ariz. 307, 308, ¶ 5 (2000).

¶12 But spousal maintenance is a separate consideration from the assignment of sole and separate property and the equitable division of community property under Section 25-318. The marital community terminates upon the service of a petition that results in a dissolution decree. A.R.S. § 25-211(A)(2). Thus, all property that a spouse acquires post-petition is that spouse's sole and separate property. It then follows that a spouse paying spousal maintenance necessarily pays the award out of his or her sole and separate property. Husband does not indicate what source of income would be acceptable for the court to consider in awarding spousal maintenance if a spouse's sole and separate property cannot be considered.

¶13 Further, under the Spousal Maintenance Guidelines ("Guidelines"), a spouse's "actual income," used to calculate the maintenance award, includes trust income and Social Security benefits. Ariz. Spousal Maintenance Guidelines § III.A.1.b[1]. The Guidelines only apply to dissolution petitions filed on or after September 24, 2022. Ariz. Spousal Maintenance Guidelines § I.C.1. Although the Guidelines were not yet in effect in July 2022 when Husband's petition was filed, there was no statutory authority or caselaw before the Guidelines were implemented

---

[1] *See* Ariz. Sup. Ct., Arizona Spousal Maintenance Guidelines (2023), https://azcourts.gov/familylaw/Child-Support-Family-LawInformation/Spousal-Maintenance-Guidelines.

that prohibited the superior court from considering a spouse's trust income and Social Security benefits to determine a spousal maintenance award, and Husband has cited none in his brief. Prior to the Guidelines, we approved an award of spousal maintenance for one half of the value of any Social Security benefits that one spouse received. *Leathers v. Leathers*, 216 Ariz. 374, 378, ¶¶ 15-16 (App. 2007) (holding that such an "award does not violate either 42 U.S.C. § 407 or the *Kohler* and *Kelly* line of cases" because the court did not attach the husband's Social Security itself).

¶14 Husband cites *Kohler* and *Kelly*, as well as numerous out-of-state cases, for the proposition that the court cannot divide Social Security benefits as community property. Husband's position is meritless. The court here did not improperly characterize Husband's Social Security benefits as community property or equitably divide them as such. Husband's assertion to the contrary is unavailing.

¶15 The court did not attach or divide Husband's Social Security benefits, nor did it make a specific award of any portion of the value of Husband's Social Security or trust accounts to Wife. Although the court erroneously characterized the trust accounts as community property, the accounts were not divided and Husband received the full amounts in each, so this was not prejudicial error as discussed *supra* ¶ 7. The court merely considered Husband's financial resources and ability to pay spousal maintenance as Section 25-319 directs it to do. *See* A.R.S. § 25-319(B)(4), (5). Husband has shown no error.

   **B.**  **Although sufficient evidence supports Wife's eligibility for spousal maintenance, the court's award determination included its erroneous finding that Husband has "good earning abilities" in the labor market.**

¶16 Husband argues "[t]here is no evidence or findings of fact to support the award of spousal maintenance." The superior court may award spousal maintenance when any one of the five Section 25-319(A) grounds are present. *See Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 11 (App. 2007). If the court determines a spouse is eligible for an award of spousal maintenance under Section 25-319(A), it must then consider the thirteen factors set forth in Section 25-319(B) to determine the amount and duration of the award. *Helland*, 236 Ariz. at 202-03, ¶¶ 24, 28.

¶17 In reviewing a spousal maintenance award, we review the record to determine whether evidence supports the superior court's findings. *Boyle v. Boyle*, 231 Ariz. 63, 66, ¶ 11 (App. 2012). "We will uphold

the court's factual findings unless clearly erroneous or unsupported by any credible evidence." *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010).

**¶18** Husband did not provide a transcript of the February 2024 dissolution trial or any admitted exhibits. Absent transcripts or relevant exhibits, we presume the evidence supports the superior court's findings. *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010); ARCAP 11(c)(1)(B) ("If the appellant will contend on appeal that a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion.").

**¶19** Regardless, the superior court's findings of fact support Wife's eligibility for spousal maintenance. Husband concedes that Wife is eligible for spousal maintenance under either subsections (A)(1) or (5). The court determined Wife was eligible for spousal maintenance under Section 25-319(A)(1), (2), and (5), making detailed findings that she lacked sufficient property to provide for her reasonable needs, she lacked adequate earning ability to be self-sufficient, and had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient. Sufficient evidence supports the court's findings as to Wife's eligibility for a spousal maintenance award.

**¶20** Husband further contends the court erred by finding he has good earning ability in the labor market as part of its spousal maintenance analysis. After the court determines a spouse is entitled to an award of spousal maintenance, it sets the amount and duration of the award by considering the thirteen factors set forth in Section 25-319(B). *Helland*, 236 Ariz. at 203, ¶ 28. "To strike the proper balance, the [superior] court need not apply every factor listed in 25-319(B)." *Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993).

**¶21** Here, when considering Section 25-319(B)(5), the court found Husband "has good earning abilities in the labor market." "We will uphold the court's factual findings unless clearly erroneous or unsupported by any credible evidence." *Valento*, 225 Ariz. at 481, ¶ 11. As previously mentioned, Husband did not submit a transcript of the dissolution trial or any admitted exhibits. Absent relevant transcripts or exhibits, we presume the evidence presented supported the superior court's findings. *Blair*, 226 Ariz. at 217, ¶ 9; ARCAP 11(c)(1)(B).

**¶22** Wife, however, concedes this was error because Husband's earning capacity was not at issue at trial, and neither party presented

evidence regarding it. But Wife argues it was harmless, considering her "need for spousal maintenance" and Husband's "substantial financial resources." We disagree that the error was harmless because the court expressly noted Husband's earning ability when balancing the Section 25-319(B) factors. Although the court's other Section 25-319(B) findings are supported by sufficient evidence, we cannot determine whether or how the erroneous finding impacted its award because we do not reweigh the evidence on appeal. *See Henderson v. Henderson*, 241 Ariz. 580, 587, ¶ 18 (App. 2017). We therefore vacate the court's spousal maintenance award and remand solely for the court to weigh the remaining factors in calculating its amount and duration.

**¶23** Wife requests her attorneys' fees and costs on appeal under Section 25-324. Having considered the parties' financial resources and the reasonableness of their positions on appeal, we award Wife her reasonable attorneys' fees. As the prevailing party, Wife is also entitled to her taxable costs on appeal upon compliance with ARCAP 21(b).

## CONCLUSION

**¶24** We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR