NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JULIANE RENEE GRANDELL, *Petitioner/Appellee*,

*v.*

CHRISTIAN LEE GRANDELL, *Respondent/Appellant*.

No. 1 CA-CV 25-0695 FC

FILED 05-13-2026

Appeal from the Superior Court in Mohave County
No. S8015DO202301190
The Honorable Kenneth Gregory, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Juliane Renee Grandell, Rock Hill, New York
*Petitioner/Appellee*

Reardon House Colton PLC, Scottsdale
By Taylor S. House
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

¶1  Christian Grandell ("Husband") appeals the superior court's decree of dissolution and its denial of his motion to alter or amend the decree. We vacate and remand for further proceedings consistent with this decision.

### FACTS AND PROCEDURAL BACKGROUND

¶2  Husband and Juliane Grandell ("Wife") married in 2001. During the marriage, the parties acquired a 50% ownership interest in FPS Medical Center ("the business"). In November of 2023, Husband and his business partner sold the business for $300,000. In December of 2023, Wife filed for dissolution of marriage. The equitable distribution of the proceeds from the sale of the business became the main issue in the dissolution proceedings.

¶3  In December of 2024, the superior court held a bench trial over the equitable distribution of the community's assets and related issues. At trial, Wife's expert witness testified the business was worth $1,027,000 when it sold in November of 2023. Husband's expert testified that the business was worth its sale price, $300,000, in November of 2023. Husband's business partner also testified at trial regarding the reasons for the sale. Additionally, Husband's business partner explained that she and Husband remained entitled to any outstanding payments owed to the business at the time of sale. She further testified that these residual payments were at least $116,000.

¶4  After the trial, the superior court entered a decree of dissolution. Among other things, the decree found the value of the business to be $300,000 and specified that Husband did not commit waste or sell the business for too little. The decree also assigned "any tax liability or debt owed from this business" to Husband. The decree assigned Husband a 2014 Ford F-150 valued at $17,600 and assigned Wife a 2004 Nissan Frontier valued at $4,300. Additionally, the decree awarded Wife a $150,000 lump

sum equalization payment for "the Bobrow claim, the differences in allocation of community property, and the need for Wife to be paid out from the sale of the business."

¶5        Husband moved to alter or amend the decree of dissolution, arguing that the superior court failed to divide the parties' community property equitably by assigning Husband responsibility for all the business's tax liabilities and debts, and incorrectly dividing the business sale proceeds. Wife responded and defended the decree of dissolution. The superior court denied Husband's motion to alter or amend. Husband timely appealed. We have jurisdiction under A.R.S. §§ 12-120.21, -2101(A)(1), and -2101(A)(2).

## DISCUSSION

¶6        Husband argues the superior court abused its discretion by awarding Wife an improperly large equalization payment and assigning all tax liabilities and debts from the business to him, resulting in an inequitable distribution of community property. Upon dissolution of a marriage, community property must be divided "equitably, though not necessarily in kind, without regard to marital misconduct." A.R.S. § 25-318(A). Generally, an equitable division of property is one which is substantially equal. *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 13 (App. 2010). We review the superior court's division of community property for an abuse of discretion. *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15 (App. 2000). "An abuse of discretion results when the record is 'devoid of competent evidence to support the decision,' or when the court commits an error of law in the process of reaching a discretionary conclusion." *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018) (quoting *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009)).

I.        **Equalization Payment.**

¶7        Husband argues that the superior court abused its discretion by awarding Wife a $150,000 equalization payment to account for her share of proceeds from the sale of the business. Husband notes that the marital community owned a 50% interest in the business, meaning that from the $300,000 sale of the business, the parties were entitled to $150,000 total. He believes that in awarding Wife a $150,000 equalization payment, rather than $75,000, the superior court took account of the entire proceeds from the sale of the business, rather than just the parties' 50% share.

¶8        In response, Wife argues that the superior court included more than just the business sale proceeds in crafting the equalization

payment. Wife asserts the equalization payment is also meant to account for the $116,000 in outstanding payments to the business prior to sale, other funds remaining from the business, undisclosed compensation to Husband, and the disparity in the vehicles assigned to each party by the superior court.

**¶9** Because neither party requested findings of fact and conclusions of law under Arizona Rule of Family Law Procedure 82, we may infer the superior court implicitly made the findings necessary to sustain its judgment, unless those findings are not reasonably supported by the record or conflict with the superior court's express findings. *See Boyle v. Boyle*, 231 Ariz. 63, 67, ¶ 15 (App. 2012). Here, the facts in the record do not reasonably support the superior court's award of a $150,000 equalization payment to Wife. Even assuming the equalization payment encompassed more than proceeds from the sale of the business, and making every assumption in Wife's favor, nothing in the record supports a $150,000 equalization payment to Wife as an equitable division of the community property at issue here.

**¶10** Wife posits the $150,000 equalization payment accounts for her share of the business sale proceeds, her share of the business's residual payments, other funds remaining from the business, undisclosed compensation to husband, and the disparity in the value of the vehicles assigned to each party. But Wife fails to explain how all these could result in an equitable $150,000 equalization payment. Husband and his business partner sold the business for $300,000. Testimony established the business had $116,000 in residual payments. The community's share of those two amounts combined would be $208,000, representing the community's half-share of both. The superior court assigned Wife a car valued at $4,300, while Husband received a car valued at $17,600, creating a $13,300 disparity.

**¶11** Wife also argues the equalization payment accounts for other funds remaining from the business and undisclosed compensation to husband. The record does not support these contentions. Wife points to nothing in the record to support her assertion that the equalization payment accounts for other funds remaining from the business. Our own review of the record could not establish what, if any, funds remained from the business that were not accounted for in the business sale proceeds or the residual payments.

**¶12** Wife's claim that the equalization payment accounts for undisclosed compensation to husband also fails. At trial, Wife attempted

4

to present evidence that Husband and his business partner sold the business for less than market value, in exchange for Husband receiving a favorable bonus agreement in his new job with the business's purchaser. However, the superior court ultimately found the business was worth $300,000 and that Husband and his business partner "did not sell for too low of a value or commit waste in this sale." Any argument that Husband's new compensation plan diminished the sale price of the business is contradicted by the superior court's express findings. *See Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015) (stating "the family court is in the best position to judge the credibility of witnesses and resolve conflicting evidence, and appellate courts generally defer to the findings of the family court").

**¶13** To the extent Wife argues the equalization payment accounts for the bonus payment itself as community property, her claim fails because the record contains no evidence of the amount of any bonus payment. Husband's employment agreement indicates Husband began working for his new employer at the end of 2023, just prior to the dissolution proceedings. Husband testified that at the time of trial, he had not yet received any bonus compensation and did not know the amount of his bonus. Wife testified that based on past performance, Husband's bonus could be "over $100,000." Neither party offered an exact value for Husband's bonus on the record. The record lacks sufficient information about the amount of Husband's bonus to include it in calculating an equalization payment. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007) ("A court abuses its discretion if . . . 'the record fails to provide substantial evidence to support the trial court's finding.'" (quoting *Grant v. Arizona Pub. Serv. Co.*, 133 Ariz. 434, 456 (1982))).

**¶14** Taken together, after making every inference in Wife's favor, Wife only provides a calculation to justify a $117,300 equalization payment[1] and does not provide a basis on which the superior court could have calculated a $150,000 equalization payment. On this record, we cannot conclude that the $150,000 achieved an equitable distribution of community property.

---

[1] Consisting of one half of $208,000 for the community's share of business sale price and future payments, plus $13,300 for the disparity in car values.

II.     **Business Debt and Tax Liabilities.**

**¶15**         Husband further argues the superior court abused its discretion by assigning him exclusive responsibility for the business's debts and tax liabilities.  We agree.  Testimony in the record from Husband's business partner suggests the parties did not and could not have known the full extent of the business's outstanding debts and tax liabilities at the time of trial.  The superior court "erred by apportioning the parties' tax liability without evidence of the total amount of the debt, yielding a potentially unequal division." *Brucklier v. Brucklier*, 253 Ariz. 579, 581, ¶ 2 (App. 2022). Wife suggests the superior court assigned the business debt and tax liabilities to Husband to achieve equity.  But the superior court found in the decree that "an equal division of community property is appropriate to achieve equity."   In light of that conclusion, the superior court erred in assigning all the business debt and tax liabilities to Husband.

## CONCLUSION

**¶16**         We vacate the distribution of property and debts in the decree of dissolution and the superior court's denial of Husband's motion to alter or amend the decree of dissolution and remand for further proceedings consistent with this decision.  On remand, "[t]he court may vacate the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."  Ariz. R. Fam. L. P. 83(b).

**¶17**         Both parties request attorney fees on appeal.   In our discretion, we deny both requests.  Husband is entitled to costs as the prevailing party upon compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR

6